## ADAMS *v.* BELLAIRE STAMPING COMPANY.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF OHIO.

No. 50. Argued October 26, 1891. — Decided November 16, 1891.

The alleged invention protected by letters patent No. 50,591, granted October 24, 1865, to John H. Irwin, was a combination of old devices, each performing its old function and working out its own effect, without producing anything novel as the result of the combination, and was not patentable.

When the sole issue in an action for the infringement of a patent is as to the patentable character of the alleged invention, it is not error to decline to instruct the jury that the fact that the machine had practically superseded all others was strong evidence of its novelty.

THE case is stated in the opinion.

*Mr. J. H. Raymond* for plaintiff in error.

*Mr. Lysander Hill* for defendant in error.

MR. JUSTICE FIELD delivered the opinion of the court.

This is an action to recover damages for the alleged infringement of a patent for an improvement in lanterns, granted to

John H. Irwin in October, 1865, and assigned to the plaintiff in October, 1874. It was brought in the Circuit Court of the United States for the Southern District of Ohio. The plaintiff is a citizen of Illinois and the defendant is a corporation formed under the laws of Ohio.

Previous to the invention claimed, lanterns were in use constructed in a similar manner to the one upon which the alleged improvement is made. They had a like metallic bottom and top, a glass globe and a guard formed of upright wires attached to rings at the top and bottom — the guard, bottom and top, forming together something like a basket, into which the lamp with a glass chimney was placed, the glass protecting the flame from the wind and the wire guard protecting the glass from injury by collision. The lantern was carried by means of a swinging bail, connected with the guard or the top. The lamp, placed inside of the globe, rested on the bottom of the lantern, which was so connected with the lower ring of the guard that it could be detached and removed when the lamp was to be trimmed or filled, or the chimney to be cleaned. The top of the lantern also aided in securing the globe in place.

To a lantern of this kind Irwin added his alleged improvement. In his patent he states that what he claimed was " securing a removable lantern top to the upper part of the guard, substantially as therein specified and described." And in his specification he says that the invention " consists in attaching the metallic top of the lantern in which the top of the glass globe or protector enters, and by which it is held in place by a hinge, to the upper part of the wire guard surrounding the globe, and securing it at the side opposite said hinge by a removable fastening or spring-catch, so that by detaching said catch from the said upper part of the lantern guard the top of the lantern may be thrown back, opening upon the aforesaid hinge, thus enabling the globe to be removed, or for any other purpose."

The terms " removable fastening" or "spring-catch," as observed by counsel, cover every conceivable device applicable to lanterns and adapted to connect one edge of the lid with

the top of the lantern or guard or to disconnect it. It was simply the application to the ordinary lantern of a lid secured by a hinge on one side and by any kind of locking device on the opposite side. An invention having no greater extent than this was not deemed by the defendant as possessing any virtue deserving a patent. It consisted simply in the use of a hinge and a catch instead of two equivalent fastenings generally employed before, and only possessed this merit — that by the use of the hinge the cover could not be separated and lost in case the catch on the other side should from any cause become unfastened. So that the alleged invention only amounted to securing a lid to a lantern by means of a catch on one side and a hinge on the other.

The plaintiff in his declaration alleges that this invention was of great utility and was extensively introduced into public use and generally acquiesced in. The defendant in his general and special pleas alleged; first, that the supposed invention of Irwin did not, in view of the state of the art, require the exercise of the inventive faculty, but only mechanical skill and good judgment; second, that it was not for a patentable combination of parts, but only for an aggregation of old and well-known parts, each of which performed only its old and well-known function unchanged by the combination; third, that at the time Irwin filed his application there was pending in the Patent Office another application for the same invention in the name of one Duburn, upon which application a patent was afterwards issued; and, fourth, that the said supposed invention had been patented, or described in printed publications or patents, prior thereto.

On the trial special questions were submitted to the jury, and they found that the Irwin patent disclosed no improvement which required invention as distinguished from mere mechanical skill or judgment; that the invention claimed had been patented or described in previous publications; that Irwin was not the original or first inventor or discoverer of any material or substantial part of the thing patented; and that the defendant had not infringed the alleged patent. Judgment was accordingly entered for the defendant in the action.

We do not perceive that in the rulings of the court any substantial error was committed. The elements combined to form the alleged invention merely constituted an aggregation of old devices, each working out its own effect, without producing anything novel, and such an assemblage or bringing together of old devices, without securing some new and useful result as the joint product of the combination — something more than a mere aggregation of old results — does not constitute a patentable invention. *Hailes* v. *Van Wormer*, 20 Wall. 353; *Pickering* v. *McCullough*, 104 U. S. 310.

The court did not, therefore, err in refusing the instruction requested, that before the patent could be held invalid by reason of a prior patent it was not sufficient to find one of the elements in one patent, a second in another and a third in another. If the patent were for a combination of new or old elements producing a new result such instruction might have been correct, but as it was merely a new aggregation of old elements, in which each element performed its old function and no new result was produced by their combination, the instruction was not applicable and was properly refused.

Nor, under the circumstances, did the court err in declining to instruct the jury that the fact that the Irwin lantern had practically superseded all others was strong evidence of its novelty. The question before the court upon the main issue was not of the novelty of the invention, but rather of its patentable character. Where there is no invention the extent of the use is not a matter of moment.

We think that all the important questions of fact in the case were properly submitted to the jury.

The judgment is, therefore,

*Affirmed.*