FOLSOM v. TOWNSHIP OF NINETY-SIX.

(Circuit Court, D. South Carolina. December 7, 1893.)

**1. FEDERAL COURTS—FOLLOWING STATE DECISIONS—TOWNSHIP BONDS.**
When the only question in a suit on coupons of township bonds is the existence of authority to issue them under the state statutes

and constitution, a prior decision thereof by the state supreme court, in a suit by a taxpayer to recover taxes levied for interest on the bonds, is binding on the federal courts.

2. MUNICIPAL BONDS—VALIDITY.
   Legislative recognition of the validity of township bonds can give them no binding force when issued under an unconstitutional statute.

At Law. Action by George W. Folsom against the township of Ninety-Six, Abbeville county, S. C., on certain bond coupons. On demurrer to complaint and amended complaint. Demurrer sustained, and said pleadings dismissed.

Shields & Shields and Haynsworth & Parker, for plaintiff.
E. B. Gary, for defendant.

SIMONTON, District Judge. The issue made by the demurrer to the complaint and amended complaint raises the question of the validity of the bonds, the coupons of which constitute the cause of action. The bonds were issued under authority of the act of assembly approved 24th December, 1885, entitled "An act to annul the charter of the Greenville & Port Royal Railroad Company. The township of Ninety-Six issued its bonds shortly after the passage of the act, and they were put on the market. On the 23d February, 1887, a taxpayer of the township began his suit against the county treasurer for repayment of the tax paid by him under a levy for the interest on these bonds. This is the course provided in section 268 of the general statutes of South Carolina whenever a tax has been illegally levied. The taxpayer pays the tax, and brings his suit for the amount of it. This was the earliest moment at which a taxpayer could pursue this course. The case went into the supreme court of South Carolina, its court of last resort, and is reported as Floyd v. Perrin, 30 S. C. 1, 8 S. E. 14. After a full hearing and long deliberation, the supreme court held that the issue of these bonds was not warranted by the eighth section of the ninth article of the constitution of the state; that the legislature could not authorize their issue; and that they were null and void. This construction of the constitution and statute of the state by its court of last resort is binding on this court. "We are bound to presume that when the question arose in the state court it was thoroughly considered by that tribunal, and that the decision rendered embodied its deliberate judgment." Cross v. Allen, 141 U. S. 539, 12 Sup. Ct. 67. Norton v. Shelby Co., 118 U. S. 441, 6 Sup. Ct. 1121, controls this case. We are not discussing a question of irregularity in the issue of the bonds, or the existence of facts charged to the notice of the plaintiff, or any principle of the law merchant or of general law. It is a question of original authority in the making of these bonds. Did the county commissioners possess the lawful authority, in any shape or form, to make or to issue them? It goes to the very root of the matter. The supreme court of South Carolina say that they have not—never had—any such authority. This court follows the decisions of the highest court of a state in construing the constitution

of a state, unless they conflict with or impair the efficacy of the federal constitution, or of a federal statute, or of a rule of commercial or general law. No principle of the federal constitution is invaded. The decision does not impair the validity of a contract, for there was no contract. No rule of commercial law is impaired, for the first principle of the law merchant is that a principal is not responsible for the acts of one done without authority. No principle of general law is impaired, for it is universal law that a contract void ab initio, because unlawful, cannot be ratified or confirmed. It must be kept in mind that the question here is not as to the construction of the bonds, nor as to the effect of recitals therein, nor as to the right of bona fide holders of them, they being negotiable instruments. The only question is, does the constitution of South Carolina authorize townships to invest in stock exchangeable for these bonds? The answer to this question turns wholly upon the construction to be given to this constitution, and that construction has been settled in the case of Floyd v. Perrin, supra,—a construction made upon bonds of the same issue with these, indeed upon all the bonds of this issue, in a case between the taxpayer and the tax collector.

But it is said that the legislature, in the act of assembly of 1887, (19 Stat. 921,) has recognized these bonds. This may be true; but the distinction is this: When bonds of a municipal corporation can be issued if the legislature consent and authorize it, and any municipal corporation, without such consent and authority, have issued bonds, the legislature, having the power to permit it, can, by subsequent action, ratify and confirm the act validating the bonds; in other words, can give its permission nunc pro tunc. But where, as in this case, the courts decide that the legislature could not give permission to these small municipal corporations to issue bonds like these, it can by no act of recognition, ratification, or validation give life or vitality to them. This is the first decision of this supreme court on this question. In order to prevent any misconception of the scope of this opinion, it must be added that these bonds do not come within the operation of the act of assembly of 22d December, 1888,—"An act to provide for the payment of township bonds issued in aid of railroads in this state,"—discussed and explained in State v. Whitesides, 30 S. C. 581, 9 S. E. 661, and State v. Neely, 30 S. C. 591, 9 S. E. 664. The condition precedent of that act is that the railroad must have been completed through the township, and accepted by the railroad commissioners. There is no averment in the complaint that this condition has been fulfilled, and it is admitted in argument that it has not been fulfilled.

Let an order be entered sustaining the demurrer, and dismissing the complaint.