BUTTE CITY ST. RY. CO. v. PACIFIC CABLE RY. CO.

(Circuit Court of Appeals, Ninth Circuit. January 15, 1894.)

No. 148.

PATENTS—INVENTION—COMBINATION—TRACK BRAKE FOR CARS.
    The Root patent, No. 304,863, for a track brake for railway cars, shows a patentable combination which was not anticipated by the patents for baling presses, issued to Godwin, to Patterson, and to Huntington & Carter. 52 Fed. 863, affirmed.

Appeal from the Circuit Court of the United States for the District of Montana.

In Equity. Bill by the Pacific Cable Railway Company against the Butte City Street-Railway Company for infringement of letters patent No. 304,863, issued September 9, 1884, to Henry Root, for a track brake for railway cars. The circuit court sustained the patent, and declared infringement. 52 Fed. 863. Defendant appeals. Affirmed.

Warren Olney, (Geo. H. Knight, on the brief,) for appellant.
Wm. F. Booth, for appellee.

Before McKENNA and GILBERT, Circuit Judges, and ROSS, District Judge.

McKENNA, Circuit Judge. This is an action for an alleged infringement of a patent for car brakes, issued to one Henry Root, and assigned to appellee. There is but one claim in the patent, and it reads as follows:

"In a car, the combination of the knee levers suspended from the truck frame, having their angles united by a connecting rod, V, the track shoes suspended from the lower ends of said levers parallel with the track, the transverse shaft, M, connected to the upper end of one pair of the levers, the crank arm, N, the connecting rod, O, and the operating lever, substantially as described."

The device is exhibited in the following cut:

The appellant contends that it is not a patentable combination. We do not think the contention is supportable. All the parts of the device operate to produce one result, and it is easily distinguishable from that claimed in Reckendorfer v. Faber, 92 U. S. 347, and Adams v. Stamping Co., 141 U. S. 539, 12 Sup. Ct. 66. In the former case the pencil and rubber performed different and independent things. In the latter the hinge attachment to the lantern was a substitute for a detachable fastening, and went no further.

The appellant also contends that the patented device was anticipated by a patent to one J. B. Godwin for an improvement for baling cotton, patented June 17, 1873, and a patent for baling presses to Huntington & Carter, issued May 7, 1872, and one to Patterson, issued September 25, 1883. The patent sued on has some similarity in some of its parts to the Godwin patent and the Huntington & Carter patent, but its purpose and application are different; and therefore, under the evidence in the case, and the presumptions allowed to the patent, we cannot say that it was anticipated by them. As to the Patterson patent, the court below found (and the finding appears to be sustained by the evidence) that the Root device preceded it in invention. The differences between the appellee's device and that of the appellant we do not think are substantial.

The judgment and decree of the circuit court are affirmed.