## EAGLE et al. v. P. & C. HAND FORGED TOOL CO.
### No. 7435.

Circuit Court of Appeals, Ninth Circuit.
Jan. 14, 1935.

Cake & Cake, Jaureguy & Tooze, and W. Elmer Ramsey, all of Portland, Or., for appellants.

T. J. Geisler, of Portland, Or., for appellee.

Before WILBUR and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

Appellants brought this action for infringement of patent for a wrench, No. 1,380,643, issued to appellant Samuel Eagle June 7, 1921. Appellee defended upon the ground that the patent is invalid for lack of invention, and the trial court held the patent to be invalid for that reason.

Appellant's wrench, as shown in the following drawings of the patent, consists of a handle with a square end adapted to fit into standard sockets in current use.

Fig. 1    Fig. 2

The handle has a hinge or joint making it possible to bend the handle in one plane. The joint is near the square end, and is described at length in the claim of the patent as follows:

"A wrench comprising a handle [1, 2, Fig. 1] having a bifurcated shank [3 Fig. 1], a socket support [4, Fig. 1] having one end mounted and pivotally secured between the branches of the shank bifurcations."

The end of the handle beyond the joint (4, Fig. 2) is described as follows: "And the other end squared." Another feature of the joint or hinge is a pin in the handle (8, Fig. 2) operated by a spring (9, Fig. 2) engaging in an indentation (7, Fig. 2) in the "socket support," or in the other member of the hinge when axially alined with the socket, thus having a tendency to hold the parts so positioned. The end of the catch (8, Fig. 2) is rounded so that, upon pressure being brought on the handle (1, 2, 3, Fig. 2) the catch can be sprung out of the indent (7, Fig. 2) to release it so as to swing sidewise. This feature is thus described in the claim of the patent, "and means carried by the handle and engageable with the rounded end of the socket support to hold the latter in different positions." The standard nut engaging socket is described in the claim as "a nut engaging socket having a squared bore adapted to slidably receive the squared end of the

socket support therein," and is illustrated in the patent drawing as follows:

It is not contended by appellants that this element of the claim involves patentable invention. In fact, it is claimed by appellants that one of the chief advantages of the Eagle wrench is that it is designed to be used with standard sockets in possession of the trade, which standard sockets have squared bores.

"A wrench comprising a handle having a bifurcated shank, a socket support having one end mounted and pivotally secured between the branches of the bifurcations * * * and means carried by the handle and engageable with the rounded end of the socket support to hold the latter in different positions" is such a joint, spring and all, as was found in the patent to J. W. Edmands, issued May 8, 1906, for a wrench, as is apparent from the following drawings, being Figs. 1, 2, and 3 of the Edmands patent.

In the Edmands patent the part corresponding to the "socket support" of plaintiff's patent is both a support and a socket. Consequently, in order to use the wrench upon different sized nuts, this member of the Edmands tool was cut out so that it did not completely surround the pivot of the joint and could be unhooked from it when in the proper position and replaced by another of proper size to fit the nut. There was no corresponding slot in appel-lant's device because standard sockets were used; the square bore of the socket fitting over the square head of the tool. Having in mind the use of standard sockets, it was only necessary to use a square plug instead of a socket, and, removability being no longer necessary, the slot in the rounded end to permit its removal could be dispensed with. There was no invention involved in making this change. It could be accomplished by the use of an adapter. Indeed we find the bifurcated handle, the swivel joint, the square end for insertion into the socket, all shown in a patent to Fairchild, No. 1,292,285, issued June 19, 1918, of which the following Fig. 3 is a drawing:

We find a similar swivel joint, without the spring, in a socket wrench on which patent No. 1,169,987 was issued to Miottel February 1, 1916.

The appellant Eagle merely adopted an old idea, shown in other patents, to the current state of the art or industry by shaping the end of the hinged handle to fit standard sockets which had come into common use. The older patents contemplated that the wrench manufacturers should furnish the sockets to engage the nut.

In Grinnell Washington Machine Co. v. E. E. Johnson Co., 247 U. S. 426, 432, 38 S. Ct. 547, 549, 62 L. Ed. 1196, the Supreme Court stated:

"No one by bringing together several old devices without producing a new and useful result, the joint product of the elements of the combination and something more than an aggregate of old results, can acquire a right to prevent others from using the same devices, either singly or in other combinations. * * *"

■ It is not necessary that all of the elements of the claim be found in one prior patent. If they are all found in different prior patents and no new functional relationship arises from the combination, the claim cannot be sustained. Keene v. New Idea Spreader. Co. (C. C. A.) 231 F. 701; see also Keszthelyi v. Doheny Stone Drill Co. (C. C. A.) 59 F.(2d) 3.

■ All of the elements of the patent in suit were present in the prior art, and combining these elements to make the patented device did not involve invention. Widespread use of the device combining these elements old in the art is evidence of its utility, but is not conclusive of its patentable novelty. Adams v. Bellaire Stamping Co., 141 U. S. 539, 542, 12 S. Ct. 66, 35 L. Ed. 849; McGhee v. Le Sage & Co., Inc. (C. C. A.) 32 F.(2d) 875. Appellant's patent was anticipated in the prior art and is therefore invalid.

Decree affirmed.