## METTLER v. PEABODY ENGINEERING CORPORATION et al.

### No. 7553.

Circuit Court of Appeals, Ninth Circuit.

April 29, 1935.

Arthur F. Larrabee, of Los Angeles, Cal., for appellant.

John W. Crandall, of New York City (Hunt, Hill & Betts, of New York City, of counsel), for appellees.

Before WILBUR and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

Appellant has appealed from a decree of the trial court dismissing his bill of complaint which alleged infringement by appellees of patent No. 1,440,614 issued to him for a gas burner. The gas burner used by the appellee Los Angeles Gas & Electric Company, which is claimed to infringe the appellant's patent, was manufactured by the appellee Peabody Engineering Company. The trial court sustained the validity of the patent, but held that, in view of the state of the prior art, it should be narrowly construed, and that, when so construed, the appellees' device did not infringe. The patent claim which the appellant asserts was infringed by the appellees' device is claim No. 3 of the Mettler patent, which reads as follows: "In a combustion unit, an open ended air tube, a gas chamber surrounding the walls of the tube, and a block of refractory material abutting against one end of the tube, and the wall of the tube being formed with a series of gas discharge orifices adjacent the block and opening to the aperture in the latter at an inclination to the center line thereof."

The trial court found that in the summer of 1921, several months before Mettler applied for his patent, the appellee Los Angeles Gas & Electric Company had success-

fully, publicly, and commercially used a gas burner which incorporated and utilized in combination substantially all the elements found in claim No. 3 of the Mettler patent. The trial court also cited patent No. 950,-996, issued to Case March 1, 1910, and patent No. 858,189, issued to Leps June 25, 1907.

In the Leps patent, No. 858,189, we have the following elements also contained in claim 3 of the Mettler patent in suit: A "combustion unit, an open ended air tube, a gas chamber surrounding the walls of the tube," "the wall of the tube being formed with a series of gas discharge orifices," or, rather, a single annular orifice which the appellees contend is equivalent to a number of orifices, opening to the aperture in the latter "at an inclination to the center line thereof." The Leps patent does not provide for the following elements of claim 3 of the Mettler patent: "Block of refractory material abutting against one end of the tube and having an aperture opposite the open end of the tube. * * *" However, in the Case patent, No. 950,996, we have an open-ended air tube, a gas chamber surrounding the walls of the tube, a block of refractory material abutting against one end of the tube, and having an aperture opposite the open end of the tube, the wall of the tube being formed with an annular gas discharging orifice adjacent to the block and opening to the aperture of the latter at an inclination to the center line thereof.

▬▬ These two patents contain every element of the combination of the Mettler patent, and we think the Case patent alone is a complete anticipation of the Mettler patent, if it be conceded that the annular opening from the gas reservoir into the air tube at an angle with the axis of the tube is the equivalent of a series of gas orifices injecting the gas in a series of jets instead of in a continuous sheet. Inasmuch as the appellant's contention that his patent is infringed by the appellees' device is based upon the contention that the two are equivalent, we see no escape from the proposition that the Case patent and the Leps patent anticipate the Mettler device. Appellant's contention of invention in his device is very largely based upon the claim that the combination which he has made produces more complete combustion of the gas, and therefore more economical results, and hence, notwithstanding the fact that all the

elements of his combination have been known and utilized, he is entitled to a patent upon the specific combination he has made. The rule with reference to the matter is thus stated in Buchanan v. Wyeth Hardware, 47 F.(2d) 704, 707 (C. C. A. 8): "That the new combination accomplishes a better result does not alone evidence invention. 'The union of the selected elements may be an improvement upon anything the art contains, but, if, in combining them, no novel idea is developed, there is no patentable invention, however great the improvement may be.' Turner v. Lauter Piano Co. (C. C. A.) 248 F. 930, 938; Thomson Spot Welder Co. v. Ford Motor Co. (C. C. A.) 281 F. 680; Western Willite Co. et al. v. Trinidad Asphalt Mfg. Co. et al. (C. C. A.) 16 F.(2d) 446."

As we said in the recent case of Eagle et al. v. P. & C. Hand Forged Tool Co., 74 F.(2d) 918, 920, filed January 14, 1935:

"It is not necessary that all of the elements of the claim be found in one prior patent. If they are all found in different prior patents and no new functional relationship arises from the combination, the claim cannot be sustained. Keene v. New Idea Spreader Co. (C. C. A.) 231 F. 701; see, also, Keszthelyi v. Doheny Stone Drill Co. (C. C. A.) 59 F.(2d) 3.

"All of the elements of the patent in suit were present in the prior art, and combining these elements to make the patented device did not involve invention. Widespread use of the device combining these elements old in the art is evidence of its utility, but is not conclusive of its patentable novelty. Adams v. Bellaire Stamping Co., 141 U. S. 539, 542, 12 S. Ct. 66, 35 L. Ed. 849; McGhee v. LeSage & Co., Inc. (C. C. A.) 32 F.(2d) 875. Appellant's patent was anticipated in the prior art and is therefore invalid."

With reference to the claim of the appellant that his combination produces a more economical result than had previously been attained, it should be noted that there is nothing new in the effort to secure a thorough mixture of air and gas in proper proportions before combustion. The effectiveness of the mixing device disclosed in the Mettler patent is not alone dependent upon the construction of the device as described in the patent, which gives little more information than the fact that the mixture is secured by projecting the gas into the column of air which is entering the furnace at

such an angle to the moving air column that the jets of gas intersect one another, and thus cause a more thorough mixture than would otherwise result. But the thoroughness of the mixture is dependent upon other factors which are not disclosed by the patent, such as the size of the openings, velocity of the air or gas, etc. The fact that Mettler, in the construction of his gas burners, has been successful in producing commercially a burner which has effected economy in the use of gas, must result from the skill with which he has controlled the other factors entering into economical use of gas as well as upon the specific combination described in his patent as a burner. In short, for the reasons stated, the economical result achieved by Mettler commercially is not evidence of novelty in his device. Hence we have merely a combination of a number of old elements producing the same result produced by prior burners clearly anticipated by prior patents and by burners used in the art.

The presumption of validity which attends the issuance of letters patent by the patent office is overcome in this case by the clear evidence of anticipation in the prior art which was not cited or considered by the Patent Office when the application for appellant's patent was passed on. See Elliott & Co. v. Youngstown Car Mfg. Co., 181 F. 345 (C. C. A. 3); American Soda Fountain Co. et al. v. Sample, 130 F. 145 (C. C. A. 3).

Appellees' cost bill was verified in New York state, although the venue of the verification of the cost bill was in the Southern District of California. It is claimed that the verification of the cost bill was so defective that it could not be considered as a compliance with the rule of the District Court requiring the cost bill to be verified. One purpose of the filing of the cost bill is to advise the party against whom they are claimed of the specific items charged. The affidavit is required to give them verity. In the instant case, appellant had all the notice and knowledge he could have had if the venue of the affidavit had been correctly stated. Objections appear to have been made to certain items. Some were disallowed. The court overruled the objection made by appellant to the form of the affidavit attached to the cost bill. We see no abuse of discretion in so doing.

Affirmed.