## WINSTED HARDWARE MFG. CO. v. SAMSON–UNITED CORPORATION.

District Court, S. D. New York.
March 28, 1941.

Brown & Jones, of New York City (Donald L. Brown and Roderick B. Jones, both of New York City, of counsel), for plaintiff.

Percy Freeman, of New York City (Herbert J. Jacobi, of New York City, of counsel), for defendant.

CONGER, District Judge.

This is a patent infringement suit brought by plaintiff, on United States Letters Patent No. 2,119,964 for electric sadiron, issued June 7, 1938, to L. Reichold, assignor of plaintiff. The patent in suit was surrendered for reissue, and is now Reissue Patent No. 21,611.

The plaintiff charges that claims 3, 4, 5, 7, 14, 15 and 16 of the original patent and found identical in the reissue patent bearing the same numbers are infringed by defendant's two irons.

Before discussing the merits of the issues presented, plaintiff's motion, made after trial, to conform the pleadings to the proof in that the complaint be amended to include the Reissue Patent No. 21,611, is granted. See Rule 15(b) Federal Rules Civil Procedure, 28 U.S.C.A. following section 723c; 35 U.S.C.A. § 64.

The patent in suit relates to an alleged improvement in electric sadirons and "more particularly to a folding electric sadiron having a handle hinged to the cover of the sole plate which handle is adapted to be swung down parallel with said sole plate

into compact form to facilitate the storage and transportation of the iron."

Plaintiff's device comprises an electric sadiron having a relatively thin bottom plate which is described as the sole plate and which is the ironing member. Mounted on this plate is a shallow cover plate. Within the space formed by the cover plate is a heating element which is described as "a thin insulated heating element of standard form resting directly upon the sole plate." The heating element is insulated from electrical contact with a material which would carry current, and specifically from the sole plate. Above the heating element there is positioned a relatively thick filler block which is described as being of compressible insulating material such as asbestos or the like, which would be a heat insulating element adapted to prevent the cover plate, and hence the handle adjacent to the cover plate, from becoming overheated during operation of the iron.

Positioned on the cover plate are a plurality of bearing posts which are journaled to receive ends of the bails which are part of the handle. The handle is thus pivotally mounted in the bearing posts and may be swung from the vertical position to the substantially horizontal position. When the handle is in substantially horizontal position it is described as being substantially parallel with the sole plate, that is, each of the elements of the handle would extend horizontally and substantially parallel to the sole plate.

Extending downward through the bearing posts, through the cover plate, through the heat-insulating filler, and through the heating element, are a plurality of screws, one in each bearing post. These screws thread into lugs, each of which is provided with a tapped hole to receive the threaded end of the screws. These lugs are formed as a part of the sole plate and are welded or otherwise permanently fixed to it. This structure, it is claimed, gives a compact, readily handled, light-weight, electric sadiron, one which may be folded into a relatively small package and which may be easily carried about.

A further element is provided which is described as "means for releasably holding the handle in vertical ironing position." This element is a locking means, several forms of which are shown and described in the specification. These forms of locks are means whereby the handle may be held firmly in vertical ironing position and prevented from being swung therefrom until a locking mechanism is released, whereupon the handle may be swung downward into horizontal position. The particular form of locking means shown and described in the specification is not important, for plaintiff has not specifically claimed it in any of the claims here in issue. The plaintiff concedes that the specific forms of locking means shown in the patent are not employed by the defendant in its structure.

Defendant manufactured two irons, the first of which the defendant avers it discontinued when it received notice of the patent in suit from the plaintiff. The defendant then commenced the manufacture of its second iron, which, it is stipulated, has been manufactured and sold by defendant. The two irons of defendant are substantially identical except for the fact that separate posts in the first iron, through which screws pass for holding the sole plate of the iron to the filler plate and cover, and for acting as recesses and pivots for the ends of the bent portions of the handle, have been connected in the second iron by a hollow casting so that the two separate posts of the first iron are found in the second iron as a single element functioning exactly as do the separate posts of the first iron.

Defendant has set up the defenses, that (1) the patent in suit discloses a mere aggregation of old and well known elements and since the aggregation does not perform a new and useful function, it is not a patentable novelty; (2) that the patent is anticipated or lacks invention over the prior art; (3) the plaintiff has not made out a case of infringement; and (4) that there is no infringement in fact because the claims do not read on defendant's structure.

Putting aside the question of infringement, and taking up the validity of the patent in suit, that is, whether or not plaintiff's device is a patentable novelty, defendant has cited more than thirty prior art patents and publications which relate to the elements of the patent in suit. No one of these prior patents, domestic or foreign, embraces all of the elements found in plaintiff's patent. Plaintiff does not claim, however, that the patent in suit discloses any single novel element.

Plaintiff's position is that the patent in suit is a combination patent, with a new and useful function, and hence valid. Defendant, on the other hand, contends that plaintiff's patent is nothing more than an aggregation of old elements which performs

1004

no new function, and is therefore invalid for want of invention.

■■■ The doctrine of what constitutes a valid patent on a combination of old elements is well stated in the case of Lyman Gun Sight Corp. v. Redfield Gun Sight Corp., 10 Cir., 87 F.2d 26, 27: "A union of selected old elements may constitute a patentable combination if by reciprocal or co-operative action on a common objective a new and useful result is effected or an old result is attained in a more facile, economical and efficient manner. [Citing cases.]"

This rule has been upheld in many recent cases, so that it may be stated that if a combination of old elements does not produce a new and useful function in the patent, the patent is invalid for want of inventive genius, and is nothing more than an aggregation requiring only mechanical skill. See Lincoln Engineering Co. v. Stewart-Warner Corp., 303 U.S. 545, 58 S.Ct. 662, 82 L.Ed. 1008; Leake v. New York Central R. Co., 2 Cir., 110 F.2d 166; Eagle v. P & C Hand Forged Tool Co., 9 Cir., 74 F.2d 918, 920. Nor is it sufficient that the new combination meet with commercial success. As was stated in Eagle v. P & C Hand Forged Tool Co., supra, "widespread use of the device combining these elements old in the art is evidence of its utility, but is not conclusive of its patentable novelty." See Adams v. Bellaire Stamping Co., 141 U.S. 539, 542, 12 S.Ct. 66, 35 L.Ed. 849; McGhee v. Le Sage & Co., Inc., 9 Cir., 32 F.2d 875.

■■■ Considering the prior art (defendant's exhibits I to P) it will be noted that all of the elements in the claims of plaintiff, which are alleged infringed by defendant's device, are contained in prior patents and publications. Electric portable irons, light and compact are not new; swingable handles, swinging handles on posts, swinging of handles down close to cover plate of an iron, the securing of parts together through a single means in an iron, thin sole plates in an iron, are elements not new but old. All of the individual elements that go to make up plaintiff's patent were old in the art. Further there does not appear to be any new function credited to plaintiff's patent over the functions credited to these elements in the prior art. Plaintiff has not shown in what manner its iron, or any element thereof, performs any new or different function, nor can the court conceive of any. Nor does the use of this combination appear to be more facile, economical and efficient than various of the irons in the prior art and publications; and this is substantiated by the state of the art down to and including the time about when plaintiff obtained its letters patent, including the publications exhibits N and O (submitted by defendant). Nor can the element of "compactness and neatness" alone be considered inventive, since such involves only mechanical skill. See Wappler Electric Co., Inc., v. Bronx Hospital and Dispensary, D.C., 28 F.2d 419; Grinnell Washing Machine Co. v. Johnson Co., 247 U.S. 426, 38 S.Ct. 547, 62 L.Ed. 1196.

■■■ I am satisfied that plaintiff's alleged invention, the patent in suit, is an aggregation of old elements, involving no new functions, and hence is not a patentable combination, although the skill required to produce this combination was undoubtedly of a high mechanical nature.

The language of the court in Aro Equipment Corp. v. Herring-Wissler Co., 8 Cir., 84 F.2d 619, at page 622, might very well be applied to plaintiff's invention:

"This court, in the case of Tropic-Aire, Inc., v. Sears, Roebuck & Co. [8 Cir.], 44 F.(2d) 580, has reviewed many of the cases and laid down certain principles in regard to invention and patents which are binding in this circuit. Among them are the following:

■■■ "'New thoughts, merely involving working out of mechanical skill to produce result, are not patentable.

■■■ "'Patent must be creation of inventive faculty and imagination, with something more than is obvious to persons skilled in art.

■■■ "'Mere novelty and utility is not invention and cannot be substitute therefor.

■■■ "'Ingenuity does not constitute invention.'"

■■■ It might be noted that trivial modifications in a patent over the prior art does not make the aggregation of old elements a patentable invention. See Rosenberg v. Carr Fastener Co., 2 Cir., 51 F.2d 1014, and cases cited page 1019.

In accordance herewith I direct a decree to be entered dismissing the complaint, and holding plaintiff's patent invalid.

In view of this disposition, it is unnecessary to determine the question of the alleged infringement.

The defendant's attorney should submit to me, through the clerk's office, on five days' notice of settlement, simple findings of fact and conclusions of law for my signature. They should be typewritten, triple-spaced, so that I may readily make any necessary changes. I suggest that plaintiff's attorney, if he be so disposed, submit, on two days' notice, criticisms of the proposed findings, as counter-findings will avail. him nothing.