544

## MAGARIAN v. DETROIT PRODUCTS CO.
### No. 9811.
Circuit Court of Appeals, Ninth Circuit.

June 2, 1942.

Rehearing Denied July 15, 1942.

Adelbert Schapp, of San Francisco, Cal., for appellant.

Fred H. Miller, of Los Angeles, Cal. (James M. Naylor, of San Francisco, Cal., of counsel), for appellee.

Before WILBUR, GARRECHT, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

Involved here are patents No. 2,153,634 for a signal arm, and No. D-109,148, covering the design of the same contrivance. These patents were applied for in November, 1937, the design patent being issued April 5, 1938, and the utility patent a year later. On the trial below for infringement the court held both patents invalid for want of invention. The patentee appeals.

1. The utility patent is for an improved mechanical arm of the familiar type used on motor trucks and buses, the purpose of which is to give warning of changes in the direction or speed of the vehicle. Colored reflectors are mounted on the signal arm in such way as to form a line extending in the same direction as the arm.

Three claims are involved. Claim 1 embraces (a) two identical elongated plates having registering marginal flanges and spaced body portions with registering openings; (b) lenses having flanges bearing upon the inner margins of the openings and having body portions projecting through the openings; (c) a separator (commonly made of cork or paper) between the lenses, and means for securing the flanges of the plates together whereby the body portions of the plates are made to clamp the lenses upon the separator, the lenses having shaped inner faces to produce desired reflecting effects and the separator serving to prevent play between the lenses and the plates. Claim 3 is substantially the same except that it calls for a plurality of lens openings in each plate, in alignment with those of the other plate. It prescribes a common separator coextensive with the lens-receiving space. Claim 4 is identical with 3, the only added provision being that the faces of the body sections are parallel "so as to exert uniform pressure on the interposed lenses and the separator".

As indicated in the specifications, the inner surface of each lens has pyramidal projections designed to reflect light rays in the direction from which they come. In practice appellant uses the patented Stimsonite lens, making, however, no serious claim to invention on the score of the employment of that lens. The specifications describe the lenses as being of a shape elongated in the direction of the arm "so as to aid in conveying directional information." It is further recited that, preferably, the lenses are "made substantially oval or elliptical in shape." Such

is the shape of the lenses shown in the drawings. The claims themselves do not specify the shape either of the lenses or of the openings in the plates, but the parties appear to assume that the claims should be construed as embracing the use of the oblong lenses. For the purpose of the decision we make the same assumption.

The prime patentable novelty claimed for the device is simplicity in manufacture and in the method of assembly. In assembling, one plate is placed in a horizontal position with its inner side up, a set of lenses is dropped into place, a separator is placed on top of the lenses, a duplicate set of lenses is positioned on top of the separator, the second plate is applied, and the two plates are then riveted at the flanges. A compact unit results, with slight chance of any part becoming loose or out of place. Another advantage is said to lie in the reflecting characteristics of the lens employed and in the fact that the elongated lenses tend to accentuate the directional information given by the position of the arm. Appellant stresses, also, the attractive appearance of the arm.

The trial court found that claim 1 was anticipated by a structure admittedly made and sold by appellant in 1935, more than two years prior to the filing of his application. The other two claims were likewise found invalid for lack of invention over appellant's earlier structure and other prior art. There were no findings on the issue of infringement.

As is well known, mechanical signaling arms have been in use for a long time in the operation of certain types of motor vehicles. A patent granted to Elliott, No. 1,415,817, in 1922 for such a device shows an elongated arm composed of two plates clamped upon a colored disc or bull's-eye, the disc protruding through the openings of the plates on each side. A patent issued to Costenbader, No. 1,673,865, in 1928 discloses an arm upon which an oblong reflector is mounted. The Reynolds patent, No. 1,873,033, of 1932 is for an elongated arm having one or more reflectors, either round or oblong in shape. The British patent to Dennis, No. 341,652, in 1931 shows an arrow-shaped arm with a number of reflectors arranged in line with the arm. Appellee Wallace was himself manufacturing signal arms in 1927. The record shows that as early as 1925 the State of California undertook to regulate the use of such devices.

We agree with the trial court that the device marketed by appellant early in 1935 anticipated claim 1 of his patent. That structure was an arrow-shaped arm containing three Stimsonite reflectors, two small ones in the shaft and a much larger one in the head. The shaft and head were made up independently and then joined by means of rivets. With the exception of the use of a round lens, the arrowhead of the device incorporated every element found in claim 1 of the patent; and appellant neither can nor does contend that he originated the idea of using oblong lenses. Nothing is added by the provision of claim 4 to the effect that the faces of the body sections are parallel "so as to exert uniform pressure on the interposed lenses and the separator," since that result necessarily flows from the nature of the contrivance described in claim 1.

As to the remaining provisions of the claims, there was nothing novel in the use of a series of paired reflectors arranged in a row; and there was obviously no invention in the mere duplication of lenses. See Walker on Patents (Deller's Edition), Vol. 1, § 38, p. 205. Finally, the thought of using but one separator for a row of paired lenses would readily suggest itself to an ordinary mechanic.

■ The combining of old elements does not rise to the dignity of invention unless a new result is produced or unless an old function is performed in a new way. Bailey v. Sears, Roebuck & Co., 9 Cir., 115 F.2d 904, 906. To render invalid the claim of a combination patent it is not necessary that all the elements of the combination be found in a single prior patent. "If they are all found in different prior patents and no new functional relationship arises from the combination, the claim cannot be sustained." Eagle v. P. & C. Hand Forged Tool Co., 9 Cir., 74 F.2d 918, 920; Mettler v. Peabody Engineering Corporation, 9 Cir., 77 F.2d 56, 57. Appellant's device involved no more than mechanical adaptation of old parts.

■ 2. The design patent is for the arm shown in the drawings of the utility patent. It may readily be conceded, as appellant contends, that the design of the arm is streamlined and pleasing in appearance; but this is insufficient in the absence of invention. Walker on Patents (Deller's Edition), Vol. 1, § 129, p. 421; A. C. Gilbert Co. v. Shemitz, 2 Cir., 45 F.2d 98, 99; Berlinger v. Busch Jewelry Co.,

Inc., 2 Cir., 48 F.2d 812, 813. There was no invention here. The outline of the arm is perhaps a refinement over prior structures shown in the record, but that is all that can be said for it. The oval shape of the lenses is disclosed in both the Reynolds and the Costenbader patents. The Elliott patent as well as appellant's own earlier structure suggested the flanges at the outer rim of the plates and the position of the rivets fastening the flanges together.

Affirmed.