## REDINGTON v. OFFICE EQUIPMENT CO.

(Circuit Court, W. D. Kentucky. May 27, 1911.)

PATENTS (§ 328*)—INVENTION—MUCILAGE HOLDER.

The Redington patent, No. 625,517, for a mucilage holder, is for a combination of old elements, requiring no more than mechanical skill, and is void for lack of patentable invention.

In Equity. Suit by William H. Redington against the Office Equipment Company. Decree for defendant.

Brown & Hopkins, for complainant.
W. P. Preble, Jr., for defendant.

EVANS, District Judge. The complainant alleges an infringement of his patent, No. 625,517, for certain alleged new and useful improvements in mucilage holders. Whether or not the construction exhibited by the complainant as having been made in conformity with his patent and its third claim conforms thereto, it is certain that the defendant's construction is an exact, and we think intentional, imitation of it. This, however, is not a suit to restrain unfair competition in business, if such were admissible; but it is a suit to enforce rights based upon the patent, and relief necessarily depends upon the validity of the patent itself.

All the separate elements sought to be combined by complainant's device certainly are old, and we must not be misled by the facility of technical speech apparent here, as in patent cases usually. The cup, the brush, the top or cover, and the screws by which the latter is fastened to the cup, and the interior well or cup for holding water, one and all are far from being novelties. The complainant claims, however, that he so arranged, relocated, or combined these things as to produce better and more useful results than any heretofore obtained. In a sense probably this is quite true; but, notwithstanding the presumptions indulged in favor of patents issued by the government, we have not been able to see how the mechanical effort necessary to aggregate and readjust the various old and commonly used elements in the way it was done by complainant amounted to what is called "invention" in patent law. Rodiger v. Thaddeus Davids Co. (C. C.) 126 Fed. 960, affirmed 133 Fed. 1021, 66 C. C. A. 240; Walker on Patents, § 32.

The temperate and clearly stated views of the defendant's expert witness Brandenburg are, to say the least, more agreeable reading than those of Matthews, who testified as an expert for the complainant. In a somewhat extended experience we have never seen anything quite like the tone of the latter, and it may be barely possible that his manner of expressing himself has obscured the merits that otherwise might appear in his testimony. The contrast between the manner of stating their views by the two witnesses respectively is so remarkable as to suggest comment.

It results, from the conclusion we have reached as to the absence of invention in complainant's device, that his claim to relief has not

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

been made out. Other grounds of opposition to the claims made by the bill need not be passed upon.

The bill will be dismissed, with costs.