## UNITED STATES v. MARYLAND CASUALTY CO.

### No. 4460.

Circuit Court of Appeals, Seventh Circuit.

May 2, 1931.

John Potts Barnes and George E. Q. Johnson, both of Chicago, Ill., and Ralph Smith, for the United States.

J. F. Dammann, Jr., and George Fiedler, both of Chicago, Ill. (Wilson, McIlvaine, Hale & Templeton, of Chicago, Ill., of counsel), for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge.

This suit was instituted by appellant upon a bond executed by Boss Nut Company, a corporation, as principal, referred to hereinafter as the company, and appellee, as surety, which bond was delivered to the collector of revenue for the First district of Illinois to secure the payment of part, namely, $3,-246.64, of an assessment of income and profits taxes for 1920 against the company, as to which amount of tax the company had filed a bona fide claim for abatement.

The following facts are uncontroverted: Appellant assessed income against the company in the sum of $46,426.78. Three quarterly payments, each for the sum of $11,-606.70, were made by the company to appellant; and thereafter, on December 15, 1921, the company made a payment to appellant of $8,360.04, leaving a balance unpaid of $3,-246.64, and at the same time filed a bona fide claim for the abatement of the unpaid portion, which claim was based on certain honestly alleged credits. On February 20, 1922, the company, as principal, and appellee, as surety, executed the bond in suit. The Commissioner of Internal Revenue, on June 13, 1925, rejected the claim for abatement, and the collector of internal revenue notified the company of that fact. On August 8, 1925, the collector made demand upon the company for the unpaid assessment, and on February 16, 1927, he notified appellee of the rejection of the company's claim, and demanded payment of appellee, which was refused. Thereupon appellant filed its declaration, claiming: (1) The unpaid portion of the assessment; (2) interest thereon at the rate of one-half of one per cent. a month from the due date of the deficiency, December 15, 1921, to June 13, 1925, the date of the denial of the claim; (3) a penalty of 5 per cent. on the deficiency; and (4) interest at the rate of 1 per cent. a month for the time intervening between the date of the denial of the claim in abatement and the date of payment of the deficiency. Appellee did not deny its liability for the unpaid assessment, with 6 per cent. interest thereon from December 15, 1921, to date of payment; and accordingly, on March 15, 1930, judgment was entered against appellee, by its consent, for those amounts in the sum of $4,853.72, which was thereupon paid by appellee in open court. The suit then proceeded for the purpose of presenting the undisposed of claims of appellant, which upon final hearing were denied.

The statute which gives rise to the contentions presented is section 250(e) of the Revenue Act of 1918 (40 Stat. 1083 and 1084), and reads as follows:

"If any tax remains unpaid after the date when it is due, and for ten days after notice and demand by the collector, then, except in the case of estates of insane, deceased, or insolvent persons, there shall be added as part of the tax the sum of 5 per centum on the amount due but unpaid, plus interest at

the rate of 1 per centum per month upon such amount from the time it became due: Provided, That as to any such amount which is the subject of a bona fide claim for abatement such sum of 5 per centum shall not be added and the interest from the time the amount was due until the claim is decided shall be at the rate of ½ of 1 per centum per month."

The language of the statute is quite clear, and from it we conclude that it was the manifest intention of Congress that no tax remaining unpaid after due, and after ten days' notice and demand by the collector, should escape the penalty described, except in the case of estates of (1) insane persons; (2) deceased persons; (3) insolvent persons; and except (4) any tax which is the subject of a bona fide claim for abatement. With relation to the fourth exception, it is affirmatively stated that upon all such tax the penalty of 5 per cent. shall not be added, and that the monthly interest from the due date until the controversy of abatement is decided shall be one-half of 1 per cent. instead of 1 per cent. from the time the amount was due until the claim is decided.

It is appellant's contention, however, that such statute should be construed to mean that, in case of rejection of the claim of abatement, or any part thereof, the amount of tax held to be due shall, after ten days' notice, be subject to the 5 per cent. penalty, and also to 1 per cent. of said amount a month from the time of rejection of the claim of abatement until the amount is paid.

■■ In arriving at this conclusion, appellant relies upon the well-accepted principles of law that courts will construe a statute so as to effectuate the intention of Congress so far as that intention is expressed or implied in the language used; and that a proviso should be construed with the matter preceding it, and it should be construed strictly, so as not to except from the enacting provision anything more than Congress intended to except. There is no disposition to abate the general effect of these principles, but it must be remembered that in construing taxing acts other well-accepted principles must not be ignored. Such statutes are not to be extended by implication beyond the clear import of the language used. If the words are doubtful, the doubt must be resolved against the government and in favor of the taxpayer. United States v. Merriam, 263 U. S. 179, 44 S. Ct. 69, 68 L. Ed. 240, 29 A. L. R. 1547. Such acts, including provisions of limitation embodied therein, are to be construed liberally in favor of the taxpayer. United States v. Updike, 281 U. S. 489, 50 S. Ct. 367, 74 L. Ed. 984; Bowers v. N. Y. & Albany Lighterage Co., 273 U. S. 346, 47 S. Ct. 389, 71 L. Ed. 676. There must be certainty as to the meaning and scope of language imposing any tax, and doubt in respect to its meaning is to be resolved in favor of the taxpayer. Treat v. White, 181 U. S. 264, 21 S. Ct. 611, 45 L. Ed. 853.

■■ Governed by these principles, we cannot approve appellant's construction of the statute with relation to the 5 per cent. penalty. It is explicitly stated therein that such penalty shall not be added to any amount of tax which is the subject of a bona fide claim for abatement, and that the interest to be added thereto shall be at the rate of one-half of 1 per cent. a month from the time the amount was due until the claim is decided. There is no provision in the statute that the 5 per cent. penalty shall again become effective in case the tax is not promptly paid after the claim of abatement is adjudicated; and we are convinced that Congress expressed no intention in this statute to accomplish such a result.

It is quite clear, however, that the company was liable for interest on its deficiency tax at the rate of one-half of 1 per cent. a month from the time such tax was due until the claim for abatement was decided; and at the rate of 1 per cent. per month from the date of such decision until paid. The rate of 1 per cent. per month is definitely fixed in the first part of the statute, and the proviso merely reduces it to one-half of 1 per cent. for the time consumed by the litigation relative to the abatement.

■■ While the construction of taxing statute by the officials of the Bureau of Internal Revenue is entitled to great weight, and is always to be seriously considered, yet such construction is not binding on the courts. Taxing officials are governed by the same rules of construction as are the courts, and, where the language of the statute is plain, neither the taxing officials nor the courts can extend it by implication; and, where doubt exists as to the legislative intent, it must be resolved in favor of the taxpayer. Where a conflict arises between the finding of the taxing officials and what we regard as the plain meaning of the statute, we have no right to follow the finding of the taxing officials, but are governed entirely by the statute. This position is supported in United States v. Field, 255 U. S. 257, 41 S. Ct. 256,

65 L. Ed. 617, 18 A. L. R. 1461; United States v. Mo. Pac. R. R. Co., 278 U. S. 269, 49 S. Ct. 133, 73 L. Ed. 322.

[9] It is suggested by appellant that its position is supported by the fact that, after the department's construction of section 250 (e) of the Revenue Act of 1918, the same statute was re-enacted by Congress as a part of the Revenue Act of 1921 (42 Stat. 266). The rule that re-enactment of a statute after it has been construed by officers charged with its enforcement impliedly adopts the construction applies only when the construction is not plainly erroneous. United States v. Mo. Pac. R. R. Co., 278 U. S. 269, 49 S. Ct. 133, 73 L. Ed. 322.

We think the District Court erred in not holding, as a matter of law, that under the facts stated in the stipulation the United States was entitled to recover from the appellee interest upon the tax involved at the rate of 1 per centum a month from June 13, 1925, the date of the rejection of the claim for abatement, to March 15, 1930, when the tax was paid. In this respect the decree is reversed, with instruction to modify the decree in conformity to this opinion. It is ordered that each party pay its own costs. In all other respects the decree is affirmed.