## CROWN WILLAMETTE PAPER CO. v. Mc-LAUGHLIN, Collector of Internal Revenue.

### No. 7659.

Circuit Court of Appeals, Ninth Circuit.
Oct. 17, 1935.

Alfred Sutro, Felix T. Smith, and Eugene D. Bennett, all of San Francisco, Cal., for appellant.

Frank J. Wideman, Asst. Atty. Gen., Sewall Key and Carlton Fox, Sp. Assts. to Atty. Gen., and H. H. McPike, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

### WILBUR, Circuit Judge.

Appellant brought this action to recover certain amounts which it claims were illegally exacted from it by the Collector of Internal Revenue of the United States, as and for interest upon taxes for the years 1917, 1918, and 1920 upon assessments made in May, 1919, March 21, 1924, and March 15, 1921, respectively, and all collected in 1929. The interest for which refund is claimed is that for the period prior to the enactment of the Revenue Act of February 26, 1926 (44 Stat. 9); it being conceded that the proper amount of interest for the period thereafter was collected.

The cause of action is stated in three counts, one for each of the years involved. For each year the appellant filed claims in abatement in September, 1919, as to the 1917 tax, on March 29, 1924, as to the 1918 tax. The date of the claim in abatement for the 1920 tax is not stated in the pleadings, evidence, or findings.

The deficiency tax for 1917 was assessed in May, 1919, in the amount of $177,760.21. The Commissioner reduced this amount to $146,601.46 in acting upon the claim in abatement filed in September, 1919, and on appeal to the Board of Tax Appeals this amount was further reduced to $57,872.48. This amount was collected December 18, 1929, with interest from the date of the Commissioner's assessment September 22, 1919, at one-half of one per cent. per month (6 per cent. per annum). The amount the appellant seeks to recover on this item of interest is the sum of 6 per cent. per annum from September 22, 1919, to February 26, 1926, the date of the enactment of the Revenue Act of 1926.

The deficiency assessment for 1918 was made by the Commissioner March 21, 1924, in the sum of $19,786.76, and a claim in abatement was filed March 29, 1924. The appellant seeks to recover $2,324.94 being 6 per cent. interest per annum on the deficiency assessment of $19,786.76 from March 21, 1924, to February 26, 1926.

The unpaid balance of the assessment for 1920 taxes amounted to $222,978.50. The tax return was filed by the taxpayer on March 15, 1921. A deficiency assessment was made by the Commissioner July 7, 1927, but was set aside by the Board of Tax Appeals on May 22, 1929, being fixed by the Board of Tax Appeals in accordance with the original assessment of the tax by the taxpayer, i. e., a tax liability of $754,276.92 with an unpaid balance of $222,978.50, and was collected November 16, 1929, with interest amounting to $111,047.97. Appellant seeks to recover $61,592.46 of this amount, being interest at 6 per cent. per annum from March 15, 1921, to February 26, 1926.

The appellant relies upon the provisions of section 283 (f), (e), (h) of the Revenue Act of 1926 (44 Stat. 63), and particularly upon the clause providing that interest shall be collected "at the rate of 6 per centum per annum from the date of the enactment of this Act up to the date of notice and demand from the collector." Section 283 (h). Appellant states his interpretation of this clause as follows: "On the old assessments the essential point was that interest should start on the date of the enactment of the act." The appellee claims that the provision as to 6% interest from the date of the act above referred to is made entirely inapplicable to the assessments involved here because of concluding sentence of subdivision (h) as follows: "The interest provided in this subdivision shall be included only in cases where no other interest for the same period is provided by law." Subdivision (e) of section 283 provides: "Interest * * * shall, except as provided in subdivision (h) of this section, be computed as if this Act had not been enacted." It is clear, then, that the law regulating interest on income taxes in effect when the Revenue Act of 1926 was enacted is an important factor in interpreting the provisions of section 283, which twice refers to existing law, in the first instance (subdivision e) continuing it in effect, and in the second instance limiting the new provision for interest to cases "where no other interest * * * is provided by law." The Revenue Act of 1918, § 250 (e), 40 Stat. 1082, provides for the collection of interest as follows: "If any tax remains unpaid after the date when it is due, and for ten days after notice and demand by the collector, then, except in the case of estates of insane, deceased, or insolvent persons, there shall be added as part of the tax the sum of 5 per centum on the amount due but unpaid, plus interest at the rate of 1 per centum per month upon such amount from the time it became due: Provided, That as to any such amount which is the subject of a bona fide claim for abatement such sum of 5 per centum shall not be added and the interest from the time the amount was due until the claim is decided shall be at the rate of ½ of 1 per centum per month."

The collector contends that the proviso applies in the case at bar because here a bona fide claim in abatement was filed and consequently that interest is to be collected from the date the tax was due until paid at the rate of 6 per cent. per annum, and that the provision as to demand and notice is applicable only when it is sought to collect the penalty of 5 per cent. and the higher rate of 12 per cent. per annum. Appellee's contention, then, is in effect that by filing a claim in abatement as to the entire deficiency tax claimed the appellant brought into effect the 6 per cent. per annum proviso of section 250 (e) of the Revenue Act, and precluded the collector's invoking the penalty provisions of that section by demanding the amount of the tax which was disputed by the claim in abatement. This seems to be a reasonable construction of this statute and to be in accord with the article 1003 of Regulations 45 promulgated by the Secretary of the Treasury in 1920 under the Revenue Act of 1918: "Interest on tax. Where the time for the payment of any installment of the tax is postponed at the request of the taxpayer, interest at the rate of 6 per cent per annum is added from the original due date. * * * If any tax remains due and unpaid for ten days after notice and demand by the collector, or in the case of the first installment as computed by the taxpayer remains due and unpaid for ten days, interest at the rate of 12 per cent per annum is added from the due date, except that the interest on any amount which is the subject of a bona fide claim for abatement shall be at the rate of 6 per cent per annum * * *."

What we have said so far applies to the interest on the assessments of taxes for 1917, 1918, and 1920. Written demand and notice were given by the collector for the taxes for the years 1917 and 1918 which started interest at 12 per cent. per annum under section 250 (e), supra, of the Revenue Act of 1918, although interest at 6 per cent. only was collected. Appellant's sole claim to recover the interest so paid is on the theory that section 283 (h) of the Revenue Act of 1926 entirely superseded the provisions of section 250 (e) of the Revenue Act of 1918, supra. It seems to us clear that Congress had no such intention in enacting section 283 (h) of the Revenue Act of 1926. In that regard the report of the Senate Finance Committee on the Revenue Act of 1926 (Senate Report No. 52 Cong., First Session, p. 33) makes it clear that where notice and demand had been given by the collector under the prior acts those acts should apply

instead of the provisions of section 283 (h) of the Revenue Act of 1926. We quote from that report in part as follows: "It is also provided in section 283 (h) that in cases where the assessment was made before June 2, 1924, the interest shall begin to run from the date of the enactment of this bill and continue up to the date of notice and demand from the collector, which will be made after the commissioner is freed from the restrictions on making the collection. In certain of these cases, however, where notice and demand was made at the time of the assessment, interest has been running ever since and section 283 (h) therefore provides that the 6 per cent interest shall not be collected in such cases."

We have not undertaken to state the various inter references of the subdivisions of section 283 of the Revenue Act of 1926 for the reason that both sides agree that the question involved herein is as to whether or not the interest provisions of section 283 (h) of the Revenue Act of 1926 supersede the interest provisions of section 250 (e) of the Revenue Act of 1918 where demand and notice has been given by the collector as to the taxes of 1917 and 1918, and in the case of the 1920 tax whether the filing of a bona fide claim in abatement by the taxpayer starts interest and thus brings the 1920 tax within the exception contained in the last sentence of section 283 (h) of the Revenue Act of 1926, above quoted. For the reason stated, we conclude that the first and second counts of the complaint do not state a cause of action because of the failure of the plaintiff to allege that no demand and notice had been given to the plaintiff by the collector prior to 1926. The third count fails to state a cause of action because there is no allegation that a bona fide claim in abatement had not been filed by the appellant. Such a claim, as we have held, would start the running of interest from the date the tax was due. The first and second counts also have the same defect.

Judgment affirmed.

MATHEWS, Circuit Judge (concurring).

This suit was brought under section 3226 of the Revised Statutes, as amended by section 1103 (a) of the Revenue Act of 1932, c. 209, 47 Stat. 286, 26 USCA § 156 (see 26 USCA §§ 1672–1673), which provides: "No suit or proceeding shall be maintained in any court for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, * * * or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner [of Internal Revenue]."

The claim for refund, which this section makes a prerequisite to suit, must state the ground on which the refund is claimed. United States v. Felt & Tarrant Mfg. Co., 283 U. S. 269, 272, 51 S. Ct. 376, 75 L. Ed. 1025. Suit cannot be maintained on any ground not stated in the claim for refund. Taber v. United States (C. C. A.) 59 F.(2d) 568, 571; Snead v. Elmore (C. C. A.) 59 F.(2d) 312, 314; Weagant v. Bowers (C. C. A.) 57 F.(2d) 679, 680; J. P. Stevens Engraving Co. v. United States (C. C. A.) 53 F.(2d) 1, 3; Lewis A. Crossett Co. v. United States (Ct. Cl.) 50 F.(2d) 292, 296; Red Wing Malting Co. v. Willcuts (C. C. A.) 15 F.(2d) 626, 634, 49 A. L. R. 459.

The complaint in this case shows that the claims for refund filed by appellant stated, as their sole ground, that interest on appellant's unpaid taxes should have been computed, not from the time the taxes became due, as provided in section 250 (e) of the Revenue Act of 1918, but only from the date of the enactment of the Revenue Act of 1926. I agree with Judge WILBUR that this ground is untenable. Under the authorities cited, appellant cannot recover on any other ground. It follows, therefore, that the complaint states no cause of action.

This would still be true, even though it were alleged in each count of the complaint that there was no notice or demand for payment of taxes and no bona fide claim for abatement. Those grounds were not mentioned in the claims for refund. It would have been futile, therefore, to allege them in the complaint. The invalidity of the complaint arises, not from the absence of those allegations, but from the fact, apparent on its face, that the claims for refund, on which the complaint is based, were themselves without any valid or sufficient basis.

Even if the complaint could be said to state a cause of action, still the judgment should be affirmed. Appellant offered no evidence, but relied on admissions in

appellee's answer. The answer did not admit, but expressly denied, that the taxes and interest referred to in the complaint were illegally assessed or collected. The burden of proof was on appellant. United States v. Anderson, 269 U. S. 422, 443, 46 S. Ct. 131, 70 L. Ed. 347; United States v. Mitchell, 271 U. S. 9, 12, 46 S. Ct. 418, 70 L. Ed. 799; Compania General de Tabacos de Filipinas v. Collector of Internal Revenue, 279 U. S. 306, 310, 49 S. Ct. 304, 73 L. Ed. 704; McLaughlin v. Pacific Lumber Co., 293 U. S. 351, 356, 55 S. Ct. 219, 79 L. Ed. 423. This burden appellant did not sustain or attempt to sustain.