## JACKSON FURNITURE CO. v. McLAUGHLIN, Collector of Internal Revenue.

### No. 8077.

Circuit Court of Appeals, Ninth Circuit.

Aug. 17, 1936.

Harrison S. Robinson, Harry L. Price, and R. W. Macdonald, all of Oakland, Cal., for appellant.

Robert H. Jackson, Asst. Atty. Gen., and L. W. Post, Sewall Key, Norman D. Keller, Frank J. Ready, Jr., Sp. Assts. to Atty. Gen., and H. H. McPike, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR, GARRECHT, and MATHEWS, Circuit Judges.

WILBUR, Circuit Judge.

This action was brought by the appellant to recover income tax paid to the appellee for the taxable years 1918 to 1921, inclusive. The appellant was engaged in the furniture business from and after 1912. A considerable part of its sales were made on the installment basis. It reported its income from such sales upon the accrual basis for the taxable years 1913 to 1917, inclusive. In 1919 it elected to file its return on the installment basis for 1918 and did so for each of the years here involved (1918 to 1921, inclusive), thus paying income tax each year upon the proportion of the profit collected during the taxable year. In making its returns for such years, appellant excluded from its gross income profits which were a part of the installments received during the taxable years upon sales made prior to 1918, which profits had been included in its reports of gross income upon an accrual basis for

1917 and previous taxable years, upon the theory that the tax on such profits had been paid upon the returns and assessments for previous years. The petitioner paid taxes upon its returns for the years 1918 to 1921, inclusive, with some minor readjustments of tax made subsequently. On November 20, 1920, the Commissioner signed an assessment list on the appellant's income for 1918 and 1919, showing deficiencies of $97,442.63 for the year 1918, and $34,784.84 for the year 1919; a total of $132,227.47. The trial court found that payment of this amount was demanded December 1, 1920, and again on December 31, 1920. On March 1, 1931, appellant filed a claim for abatement of these deficiencies. On January 29, 1925, the Commissioner made a preliminary audit and sent a letter to the appellant indicating a tax liability of $39,048.54 and an overassessment of $38,182.27 for the year 1918, stating that the overassessment will be the subject of a certificate of overassessment. The Commissioner did not act formally upon the claim in abatement until 1927, when he computed the income on a different basis and determined an overassessment of tax and penalty aggregating $51,184.90 for 1918 ($46,544.77 tax and $4,640.13 interest) and $30,238.86 for 1919. He thus allowed the claim in abatement for the two years to the extent of $81,423.76 and rejected it as to the balance of $50,803.71. This amount was divided between the years 1918 and 1919, as follows: $46,042.51 for 1918, on a schedule signed February 9, 1928, and in the same schedule fixed a tax of $4,545.98 for 1919, and interest of $1,954.77, aggregating $6,500.75 on February 28, 1928. This determination was carried into effect by allowing certificates of overassessment, $51,184.90 for 1918, and $30,238.86 for 1919. That balance was paid February 17, 1928, together with interest thereon from December 1, 1920, at 6 per cent. On February 17, 1928, the collector of internal revenue demanded an additional tax for the taxable year 1918 of $46,042.51, with interest thereon amounting to $19,798.28; an additional tax for the year 1919 of $4,545.98, with interest thereon of $1,954.77; for the year 1920, $2,034.38, with interest of $234.62; and for the year 1921, $9,073.06, with interest of $3,220.94, being the amount of taxes due upon the amount of profit in the installments collected by the taxpayer in the respective years. This total of $86,904.54 was paid

February 27, 1928. Appellant filed a claim for refund October 9, 1928, for the full amount of $86,904.54. It claims in its complaint that $75,076.07 of said sum was illegally collected because based upon erroneous inclusion in its gross income for the years 1918 to 1921 of the profit in the same installments which had been included in its original returns for the years 1913 to 1917, inclusive, as follows: For the year 1918, $262,888.81 in installments, increasing the net income by $122,953, which represented the profit thereon; for 1919 $32,342.15, increasing the net income by $15,126.42; for 1920 sales amounting to $7,450.66, increasing net revenue by $3,484.67; for 1921 increasing income $688.96, increasing net income by the same amount. The total amount of taxes and interest resulting therefrom and sought to be recovered by this action is $77,127.51, of which $17,814.60 is interest. Appellant prayed for a judgment of $77,127.51, with 6 per cent. interest from date of payment February 27, 1928. A jury was waived. Both parties moved for judgment upon the evidence.

The trial court found the facts to be substantially as claimed by the appellant, but concluded as a matter of law that the taxes were properly collected and not recoverable.

The tax was assessed under the Revenue Act of 1926 (section 212 (d), 44 Stat. 9, 23), retroactively applied for the years involved, which were all prior to 1925. This section provides that the taxpayer selling personal property on the installment plan might return as income in any taxable year "that proportion of the installment payments actually received in that year which the total profit realized or to be realized * * * bears to the total contract price." Section 1208 of the Revenue Act of 1926 (44 Stat. 130) provides that section 212 (d) shall be retroactively applied to taxes collected under the Revenue Acts of 1916, 1917, 1918, 1921, 1924, and amendatory acts, and further provides: "Any tax that has been paid under such Acts prior to the enactment of this Act, if in excess of the tax imposed by such Acts as retroactively modified by this section, shall, subject to the statutory period of limitations properly applicable thereto, be credited or refunded to the taxpayer as provided in section 284."

These statutory provisions in effect enacted as law the regulations which had

been promulgated by the Secretary of the Treasury relating to the taxation of income derived from installment sales (article 42, Treas.Regs. 45, promulgated April 17, 1917, · under the Rev.Act 1918), which had been declared invalid by the Board of Tax Appeals. (B. B. Todd, Inc. v. Commissioner, 1 B.T.A. 762; Blum's Inc., v. Commissioner, 7 B.T.A. 737, 751). That it was the intention of Congress to validate these rules is declared in the report of the Committee of the House of Representatives having charge of the bill (H. Rep. 356, 69th Congress, 1st Session, pp. 32, 33, 59 Sen.Rep. 52, 69th Cong., 1st Sess. 19).

The effect of applying section 212 (d) of the Revenue Act 1926 retroactively to returns under prior revenue acts as required by section 1208 of the Revenue Act of 1926 changed the · rule which has been applied prior to 1925, which prevented double taxation of income. Congress, to set at rest questions arising under this legislation contained in the Revenue Act of 1926, again dealt with that subject in the Revenue Act of 1928 (45 Stat. 791, 805, § 24, subd. (a), 26 U.S.C.A. § 44 (a) and note), which substantially re-enacted section 212 (d) of the Revenue Act of 1926, but also provided in subdivision (c) of that section (44 and note) that, if the taxpayer entitled to the benefits of subdivision (a) elects for any taxable year to report his net income on the installment basis, then in computing his income for the year of change, or any subsequent year, amounts actually received during any such year on account of sales or other dispositions of property made in any prior year shall not be excluded. Section 705 of this act (Revenue Act of 1928, 45 Stat. 881) also expressly provides (subdivision (a) (1) that, where a taxpayer changes his method of reporting income derived from sales made on the installment basis, no refund or credit of income, etc., shall be made or allowed unless a taxpayer has overpaid his taxes for such year, including, in computing income, amounts received during such year on account of sales or other disposition of property made in any prior year. Under the provisions of this section the appellant was not entitled to recover the taxes paid by him. This interpretation of section 705 (a) (1) of the Revenue Act of 1928 has been upheld as a valid exercise of legislative power by the Circuit Court of Appeals of the Sixth Circuit in Hoover-Bond Co. v. Denman, 59 F. (2d) 909, and by the Eighth Circuit Court

of Appeals in Willcuts v. Gradwohl, 58 F. (2d) 587; Tull & Gibbs v. U. S. (C.C.A.9) 48 F.(2d) 148. The appellant concedes that, if we follow these decisions, we must affirm the judgment of the lower court so far as it denies recovery for the payment of income taxes. We see no reason for refusing to follow these decisions, to which we refer for a discussion of the problem involved.

The next question involved is as to the right to the appellant to recover interest paid upon the deficiencies assessed against it. The interest chargeable to the taxpayer in such cases is fixed by section 250 (e) of the Revenue Acts of 1918 and 1921 (40 Stat. 1083, 42 Stat. 266) "at the rate of 1 per centum a month upon such amount from the time it became due" where the tax remained unpaid "after the date when it is due, and for ten days after notice and demand by the collector." The statute also provided that, where bona fide claim in abatement is made, the rate of interest should not exceed 6 per cent. See Union Pac. Ry. v. Bowers (C.C.A.) 24 F. (2d) 788; U. S. v. Maryland Casualty Co. (C.C.A.) 49 F.(2d) 556, certiorari denied 284 U.S. 645, 52 S.Ct. 24, 76 L.Ed. 548, and our own decision in Crown Willamette Paper Co. v. McLaughlin, 79 F.(2d) 662.

The appellant contends, however, that the rule under section 250 (e) of the Revenue Acts of 1918 and 1921 was superseded by section 283, subdivision (h), of the Revenue Act of 1926, 44 Stat. 63. As we held in Crown Willamette Paper Co. v. McLaughlin, supra, section 283 (h) of the Revenue Act of 1926 applied only to cases where interest for the same period was not due under previous revenue acts. That is, "where no other interest * * * is provided by law." Section 283 (h) of the Revenue Act of 1926, supra.

The appellant complains of the finding of the trial court that notice and demand for the payment of deficiency assessment of 1920 (for $132,000) was first made on December 1, 1920, and again on December 31, 1920. An officer of the appellant testified that the collector of internal revenue called upon him in January, 1921, and that at that interview he stated to the officer that he had received notice and demand for an assessment of approximately $130,000. Also in the claim for abatement by appellant filed March 1, 1920, it is claimed that notice and demand had issued "without a Collector having been advised of the situation." We think this

evidence sufficient to support the finding of the trial court that notice and demand had been made. Appellant concedes that under our decision in Crown Willamette Paper Co. v. McLaughlin, supra, interest was collectible if there had been notice and demand for payment or if a claim in abatement had been filed. Its contention against the judgment denying the claim for a refund of interest is based upon the proposition that no proper notice or demand was made or, if made, was withdrawn, and that the claim in abatement was filed merely to establish the admitted error of the Commissioner of Internal Revenue.

Under the plain wording of the statute (section 250 (e) of the Revenue Act of 1918, supra), it required the payment of interest upon unpaid taxes where the tax remains unpaid after demand and notice, or where the payment of the tax has been withheld during a decision upon a bona fide claim of abatement (section 250 supra). The Commissioner of Internal Revennue exhibited considerable vacillation in assessing this tax. This was due to the inherent difficulty in the situation in the varying regulation, legislation, and judicial decision controlling the matter, and to the fact that the scheme of spreading the profits on installment sales over the period of collection was foreign to the scheme of collection of taxes upon the accrual basis. It is true that the appellant was assured in advance that its claim for abatement would be allowed, and thus had good reason to believe that it would not be called on to pay this tax. It cannot claim to be relieved from interest on the tax as finally fixed because of that expectation. Until the tax was finally assessed February 17, 1928, there was outstanding a deficiency letter for $132,000. The appellant could have paid this tax as it did later and still have questioned its validity as it does now, and have thus avoided the interest charge. However that may be, the statute expressly requires payment of interest upon the tax where there has been notice and demand for nonpayment of the tax, or, as we have held in Crown Willamette Paper v. McLaughlin, supra, where there has been an abatement proceeding instituted to avoid the payment of tax duly assessed. The courts have no authority to render judgment for the recovery of either taxes or interest collected in pursuance of an act of Congress enacted in pursuance of its constitutional authority.

The appellant specifies as error the overruling of its objection to the following question:

"Q. 'Is there any difference between this form and form 17?'

"Mr. Macdonald: 'I object to that as calling for the opinion of the witness and not the best evidence.'

"The Court: 'I will overrule the objection.' (To which ruling of the court counsel for plaintiff excepted and said exception is here designated, Exception Number 1.)

"A. 'No difference.' "

In Cascaden v. Bell, 257 F. 926, 930, the late Judge Gilbert of this court said: "The case having been tried by the court without a jury, the improper admission of evidence, if any such was admitted, is not ground for reversal, where, as here, there is other evidence in the record sufficient to sustain the findings of the court." El Paso & S. W. R. Co. v. Phelps-Dodge Merc. Co., 75 F.(2d) 873; U. S. v. Northern Pac. Ry. Co. (C.C.A.) 77 F.(2d) 587, 590.

Here it is clear from the statements by and on behalf of the appellant that notice and demand had been made upon it.

The judgment is affirmed.