## BAILEY v. SEARS, ROEBUCK & CO.
### No. 9468.

Circuit Court of Appeals, Ninth Circuit.
Nov. 28, 1940.

Rehearing Denied Feb. 4, 1941.

W. E. Ramsey and MacCormac Snow, both of Portland, Or., for appellant.

Stephen H. Philbin, Clyde A. Norton, and M. Theodore Simmons, all of New York City, and Dey, Hampson & Nelson, of Portland, Or., for appellee.

Before WILBUR, HANEY, and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

This is a suit by the patentee, Lester W. Bailey, for alleged infringement of his patent No. 1,907,473 for an indicating device designed to show "the exact angular position of the rotor blades" of a condenser, such as is used in a radio receiving set. The device is useful in tuning in stations whose dial readings are known. The device described in the patent consists of a dial with two hands, one moving ten times as rapidly as the other, although the patent is not confined to this ratio. The indicator dial corresponds to the face of a watch and the two hands to the hour hand and the minute hand of a watch. Both hands are operated by a single knob turned by hand. The hands are connected with each other by gears so arranged that as the knob is turned both hands are moved in the predetermined ratio. In the device shown in the patent the shorter hand is rigidly connected to the axis upon which the rotor blades of the condenser are mounted. The other hand is attached to a concentric sleeve on the same axis which is operated by a set of meshed gears or other means deriving power from the axis which is turned by the knob so arranged as to multiply the movement of the sleeve over that of the axis by the predetermined ratio.

It thus appears that the proposed device is similar to a watch or clock as to the form of the dial or clock face and in the relative movement of the two hands accomplished by gears of different size which in the watch or clock are so arranged as to decrease the motion from that of the minute hand attached to the axis to that of the hour hand attached to a concentric

sleeve on the axis, that is, to one-twelfth, whereas the gears[1] in the patent are used to increase the ratio instead of to decrease it.

The case was tried before a master who held that the patent was invalid and even if valid the devices sold by the defendant did not infringe. The trial court sustained the conclusion of the master that the patent was invalid for lack of invention.

The master reported that "the patent does not disclose invention but is a natural and obvious forward step involving merely mechanical adaptation and improvement and is invalid because not disclosing invention."

The trial court said "a clock face dial suggests immediately the use of two pointers and the corresponding mechanism of the clock. * * * The mechanism of the clock is designed to indicate with exactness the position of the interior mechanism for the sole purpose of indicating the time. The mechanism of this radio dial is designed to indicate with exactness the position of the rotors of the condenser for the sole purpose of indicating where a particular station can be found." Thus the court affirms the view of the master that there was no invention.

A number of patents were pleaded as anticipatory but the claim of anticipation was withdrawn and the patents pleaded and others were introduced in evidence to show the state of the art in support of the appellee's claim that no invention was involved in the appellant's device, but that such device was merely a mechanical adaptation, or improvement. The patents presented in evidence show that the appellant was not the first to use a clock faced device with two hands moving relatively at a fixed ratio to show the position of the rotors. One of these devices was that disclosed in the Rysman patent. (French patent No. 571,362, issued January 31, 1924.) The patent application of the appellant was first rejected by the Patent Office on this reference as an anticipation of the applicant's device. When the claims of the original application were disallowed they were withdrawn and the applicant filed the amended claims 1 and 2 which were allowed and are now contained in the patent in each of which the connection between the axis and its hand, to the sleeve and its hand, as referred to as a "motion multiplying means". In the argument accompanying the modified claims the distinction between the Rysman patent and the appellant's device is pointed out. It is stated that the Rysman patent is for a step down of motion from the motion of the axis of the condenser to the motion of the sleeve thereon attached to the slower pointer. It was argued that "this gear train [of the Rysman patent] is not a step up or motion multiplying train, but a step down train, so that hand '1' moves more slowly than hand 'k'. * * * The claim [number one of the patent in suit] also defines the gears as a motion multiplying train, whereas in the reference [Rysman] it is the reverse."

The appellant's brief counts on this distinction between a step down system of gearing operating the two hands (Rysman) and a step up gearing (appellant's patent) where the gearing is so arranged that the pointer attached to the sleeve concentric with the axis moves faster than the axis with its pointer.

It is difficult to appreciate the claimed distinction between step up and step down gears from the standpoint of invention because, as in the case of a flight of stairs, it depends upon whether one is at the top or the bottom whether it is a step down or a step up stairway. So with a set of gears. The question of whether or not there is a step up or step down of motion depends upon the place where the power is applied. In the patented device if the power is applied to the sleeve upon the axis of the condenser, it will be necessary to move the sleeve through an arc of ten degrees in order to move the pointer attached to the axis through one degree so that the gears through which the power is applied become a motion reducing gear system, whereas, in the same device, if we apply the power to the axis pointer we cause the other pointer which is on the sleeve to move ten times as fast as the one on the axis and thus the same gears become a motion multiplying device. If Rysman had desired to have the pointer on the sleeve move faster than that on

[1] While we have used the word "gears" in referring to the motion-multiplying device, the word is appropriate only in dealing with the first claim which expressly refers to a gear device while the second claim in lieu thereof uses the words "motion multiplying means". We will use the word "gears" throughout unless it is necessary to distinguish between the two claims of the patent.

the axis he could have accomplished the result, using the same gear train, by reversing the position of the gears.

The appellant contends that there is no evidence whatever in the record tending to show that motion multiplying gear trains or means are "equivalent" to motion reducing gear trains or means. None is needed for the fact is that they are identical, as already pointed out.

Other patents introduced showed that the use of the dial and pointers to indicate position of rotors in a condenser was old in the art, as in the Huth patent, U. S. No. 1,601,968 (June 11, 1924), which has one dial and one pointer. Hall patent, British No. 17,171/26 (October 10, 1927), shows dial with two pointers, one slower and one faster, with operating gear connecting them. The fast pointer he attaches to the axis of the condenser, as is done by Rysman.

If there is any advantage in having the faster moving pointer attached to the sleeve, it is not pointed out in the patent. The object of the patentee to provide a dial with two hands, one to indicate approximately the position of the rotors, and the other to indicate it more exactly, is accomplished regardless of which pointer moves the faster. The claims of appellant's patent, however, do place the rough, or slow, indicator on the shaft. The patentee contends that there are certain advantages in his device which do not obtain in any of the earlier devices. He claims that his device permits the use of a "punch press spur gear which costs about a cent". It is thus claimed that one of the merits of the invention is that it enables the use of cheap material by which an extremely delicate and accurate mechanism can be made but no such claim is made in the patent.

The appellant also claims that the Bailey fine or fast pointer is less subject to parallax error than those of the Rysman and Hall patents. This means that the more rapidly moving pointer is closer to the dial in appellant's device than in the other two, but this point was not advanced as a teaching of the patent. It is evidently an afterthought, as the Master held.

 It is true, as appellant states, that a patent need not set out all of the uses and advantages of the patent. Jackson Fence Co. v. Peerless Wire Fence Co.,

6 Cir., 228 F. 691, 696; Diamond Rubber Co. v. Consolidated Tire Co., 220 U.S. 428, 31 S.Ct. 444, 55 L.Ed. 527; Webster Loom Co. v. Higgins, 105 U.S. 580, 26 L.Ed. 1177. However, the claims measure the invention (Walker on Patents, Deller's edition, vol. 2, § 1231) and everything embodied in the invention not claimed by the patentee is dedicated to the public; Id. p. 370, § 98; Hy-Lo Unit & Metal Prod. Co. v. Remote Control Mfg. Co., 9 Cir., 83 F.2d 345. Nothing is said in the claims about closeness of the pointers to the surface of the dial nor of the form of the gears, so far as their manufacture is concerned. McClain v. Ortmayer, 141 U.S. 419, 12 S.Ct. 76, 35 L.Ed. 800; General Motors Corp. v. Rubsam Corp., 6 Cir., 65 F.2d 217, 221. Appellant argues that his device supplied a "long felt want"; that it was a "commercial success"; that it was a patentable "combination" of old parts; that it was a "new structure" producing "new functions and results"; that it was not a movement measuring device, but an indicating device. It is claimed that all these indicia of an invention were present in the appellant's patent.

 These points, it is true, are all some evidence of invention, but commercial success and utility are not conclusive in favor of invention and can be overcome by clear proof of lack of invention. Celite Corp. v. Dicalite Co., 9 Cir., 96 F.2d 242, and cases cited; Thropp's Sons Co. v. Seiberling, 264 U.S. 320, 330, 44 S.Ct. 346, 68 L.Ed. 708; Duer v. Corbin Cabinet Lock Co., 149 U.S. 216, 224, 13 S.Ct. 850, 37 L.Ed. 707. There was no new function performed by the combination. The function performed was merely to indicate the location of the rotor blades, as in prior devices. Hence, it was not patentable as a combination of old elements. Mettler v. Peabody Engineering Co., 9 Cir., 77 F. 2d 56; Eagle et al. v. P. & C. Hand Forged Tool Co., 9 Cir., 74 F.2d 918; Grinnell Washing Machine Co. v. Johnson Co., 247 U.S. 426, 438, 38 S.Ct. 547, 62 L.Ed. 1196. What we have here is an aggregation of parts assembled by mere mechanical skill.

Appellant claims new functions are performed by his device. That it enabled tuning to short waves with greater nicety than with a single coarse pointer, that any ratio of movement could be selected by the designer, that jiggling of the pointer is avoid-

ed by the rotary motion by means of the pulley and cord, gear train friction drive or other device interposed between knob and fine pointer; that it has a flexible drive; that it permits a slip clutch between the knob and the extension of the knob shaft; that it has a dual ratio between the knob and the condenser shaft. None of these matters are set out in, or taught by, the patent, nor does it appear that such functions are new or novel over the prior art.

The appellant complains of the introduction of certain drawings explanatory of the very small drawings of the patents involved. The simplified drawings are based upon the patent drawings and the description of the drawings. This was entirely proper. There was no attempt to read into the patents involved something which was absent therefrom. The appellant points out no error in the simplified drawings. Moreover, the introduction of immaterial or irrelevant evidence in a case tried before a master and a judge is not reversible error where there is other evidence sufficient to support the findings. Anglo California Nat'l. Bank v. Lazard, 9 Cir., 106 F.2d 693; Jackson Furniture Co. v. McLaughlin, 9 Cir., 85 F.2d 606; Mammoth Min. Co. v. Salt Lake Foundry & Mach. Co., 151 U.S. 447, 14 S.Ct. 384, 38 L.Ed. 229.

Other drawings made by other skilled designers, after appellant's patent issued, but without knowledge of it, were admitted. Appellant reserved an objection on the ground of relevancy. The objection was too general, but even if erroneously admitted, for the reason just stated, the error would not require or permit a reversal.

We conclude that the trial court was correct in holding that a mechanic skilled in the art of radio condenser and cabinet construction, given the problem of measuring or determining the position of the rotors of the condenser by means of a clock faced dial, with two hands, one faster and one slower, already used in that art, would not require or exercise inventive genius in designing the patented device. Hence, such a mechanic cannot claim a patent monopoly and exclude other skilled mechanics from using the same or equivalent devices. Hence, we hold that there was no invention in the patent under consideration.

Affirmed.