Ethel R. SCHMEISER and K. George Anderson, Executrix and Executor of the Estate of Theodore George Schmeiser and Ethel R. Schmeiser, Appellants,

v.

Y. THOMASIAN (Sometimes Known as Yeppie Thomas), an Individual Doing Business Under the Fictitious Name and Style of Thomas Welding & Manufacturing Co., Appellee.

No. 14447.

United States Court of Appeals Ninth Circuit.

July 27, 1955.

Naylor & Lassagne, James M. Naylor, San Francisco, Cal., William C. Crossland, Fresno, Cal., Frank A. Neal, San Francisco, Cal., for appellants.

Lyon & Lyon, Lewis E. Lyon, John B. Young, Los Angeles, Cal., for appellees.

Before STEPHENS, FEE and CHAMBERS, Circuit Judges.

JAMES ALGER FEE, Circuit Judge.

This is a suit for infringement of Letters Patent No. 2,538,167, granted January 16, 1951, to Theodore G. Schmeiser, and for infringement of Letters Patent No. Des. 137,446, granted March 14, 1944, to Theodore G. Schmeiser. Defendant Y. Thomasian does business under the fictitious name of Thomas Welding & Manufacturing Co., denies infringement of No. 2,538,167. Validity of both patents was denied, and, specifically, it was claimed that Letters Patent No. 2,538,167 is invalid in view of the prior art pleaded and that each of the claims is invalid because the invention defined thereby had been on sale and in public use more than one year prior to the effective date, May 8, 1944, of the patent application therefor. After trial, the District Court held that Letters Patent No. 2,538,167 were invalid and void on the ground, first, that a sale of a machine had been made to Chezick in 1941, that a sale of a machine had been made to Britton before May 8, 1933, and that Henderson Patent No. 1,190,257 was anticipatory to the patent of plaintiff. The court also held that Letters Patent No. Des. 137,446 were invalid. Appeal is taken only as to the decision of the court as to No. 2,538,167.

The earth-working roller unit claimed as the invention of the patent in suit comprises a tube or draft cylinder and a plurality of externally toothed hubless rings, freely sleeved on said tube for

independent radial movement thereon with the differential between the internal diameter of said rings and the outer diameter of said tube being substantially in excess of the thickness of said rings, whereby, when the assembly is towed over ground to be worked, adjacent rings may move radially with respect to each other a sufficient distance to disclose the dirt accumulating space between the tube and the rings to the atmosphere to enable dirt to be discharged therefrom.

If we turn first to the defense as to public use and sale, the trial court found that on or about December 8, 1941, Schmeiser sold to Alvin Chezick, of Chowchilla, California, a ground pulverizer of a nonflexible type, having rollers that had no free play, and before December 8, 1941, at the request of Chezick, said machine was changed by Schmeiser to embody all elements of each of the four claims of the Schmeiser patent in suit. It was further found that this was not an experimental device.

The invoice relating to the sale of the machine was produced from the files of defendant, and this bore the date of December 8, 1941. It is argued that this was the date of delivery of the nonflexible machine, but the evidence seems not to bear out the contention and the trial court flatly found to the contrary.

There was another positive finding:

"The Court, having heard the oral testimony of the witnesses and considered the documentary proofs, finds that this evidence conclusively establishes that on or about May 1, 1943, and before May 8, 1943, Theodore G. Schmeiser sold to Vernon C. Britton of Firebaugh, California, a ground pulverizer embodying all of the elements of each of the four claims of the Schmeiser patent No. 2,538,167 in suit, and which ground pulverizer was not experimental."

■■ This finding was supported by the testimony of three witnesses and by documentary evidence. It was therefore properly founded. From the testimony of other witnesses, it seems well established that defendant built and sold machines which embodied all elements claimed in the patent more than a year prior to the effective filing date of the application. 35 U.S.C.A. § 31. While courts carefully scrutinize such testimony, nevertheless the public interest is involved and, if a device has been in the public domain, the exclusive privilege therein cannot be granted even to the inventor. It must be kept in mind that the "heavy burden of persuasion" is upon a defendant seeking to show such use. Stearns v. Tinker & Rasor, 9 Cir., 220 F.2d 49, 55. But a record sometimes contains evidence clearly sufficient. Paraffine Companies v. McEverlast, Inc., 9 Cir., 84 F.2d 335, 339–340.

Likewise, of course, simply because this Court has reversed the trial court where there was no substantial evidence to sustain findings of prior public use is not an indication that such a finding properly supported by the record will not be sustained. The question is one of fact. The demeanor of witnesses and appraisal of inferences to be drawn from the testimony and the supporting documents enter so largely into the determination that caution should be used by an appellate court.

Here the trial judge was not sympathetic toward defendant. In ruling upon the case, the judge said:

"* * * he worked for Mr. Schmeiser and copied his machine, and it certainly does not create any feeling of sympathy in the mind of the Court."

Still, in the face of this, findings were made adverse to Schmeiser on the questions of fact.

Recently this Court has said:

"If the evidence as to prior public use is such that it would be accepted as satisfactory and convincing in any other kind of case, criminal or civil, then the degree of proof fixed by law to establish such use is attained." Whiteman v. Mathews, 9 Cir., 216 F.2d 712, 716.

The mere fact that other courts have found particular evidence as to prior public use unsatisfactory cannot militate

against findings of the trial court here. If this Court discovered by reference to the record that the finding was not supported, it would be set aside as clearly erroneous. If it were our function to find the facts de novo, the same findings would have been made on the same record. The trial court had the advantage of seeing and hearing the witnesses and certainly was impartial toward plaintiff.

The District Court also held that the patent in suit was invalid for lack of invention. The court found that the patent office did not consider the Henderson Patent No. 1,190,257 of July 4, 1916, which was found to be more pertinent to the patent in suit than any of the cited art. Schmeiser also had an earlier patent, No. 2,288,110, dated June 30, 1942, which was a part of the prior art. This grant was also upon an earth-working unit and is generally identical with the device in suit except for the radial clearance between the rings and the central pipe, which is much smaller there as compared with the patent in suit in relation to the tooth rings which encircle it.

The specific contention of defendant is that the patent in suit exemplified an aggregate of old elements derived from the previous Schmeiser and the Henderson devices, respectively. It is contended that the Schmeiser-110 differs from the patent in suit only in the feature that in the former the rings were closely fitted to the central shaft, while in the instant patent these are extremely loose. But in the Henderson patent the rollers, which correspond to the rings, have a large central orifice which fits very loosely on the central shaft. Both features now relied upon were present in the prior art relating to earth-working machines. The applicable law has been laid down in this circuit as follows:

"The combining of old elements does not rise to the dignity of invention unless a new result is produced or unless an old function is performed in a new way. Bailey v. Sears, Roebuck & Co., 9 Cir., 115 F.2d 904, 906. To render invalid the claim of a combination patent it is not necessary that all the elements of the combination be found in a single prior patent. 'If they are all found in different prior patents and no new functional relationship arises from the combination, the claim cannot be sustained.' Eagle v. P. & C. Hand Forged Tool Co., 9 Cir., 74 F.2d 918, 920; Mettler v. Peabody Engineering Corporation, 9 Cir., 77 F.2d 56, 57. Appellant's device involved no more than mechanical adaptation of old parts." Magarian v. Detroit Products Co., 9 Cir., 128 F.2d 544, 545.

Besides, the trial court found the prior art shown in the Henderson patent foreclosed invention in the device here in suit. Finding 9 of the trial court reads in part as follows:

"This Henderson patent is more pertinent to the alleged invention of patent No. 2,538,167 than any of the cited art. It shows ground rollers which loosely encircle a central member with sufficient clearance to be self-cleaning. This Henderson patent destroys the presumption of validity of the Schmeiser patent No. 2,538,167 in suit."

While in the Schmeiser device here under consideration the central bore of one ring is fashioned so that it can drop below the rim of an adjoining ring, the prior Henderson patent had rollers with an enlarged bore which permitted the ring to drop so that part of the central orifice came opposite the cut away portions of the adjoining roller, so that clearance spaces were present when one of the rollers moved to the limit in one direction and the adjacent roller moved to the limit in the opposite direction. There was expert testimony that the Henderson patent, which was for an earth-working device, also contained this same feature and therefore was self cleaning in exactly the same manner as exemplified by the patent in suit. The

art involved in each of these patents was analogous, if not identical. Therefore, one of the questions which comes up in consideration of this feature is eliminated. As to the Henderson patent, there is a suggestion by plaintiff that the clearance spaces shown are not sufficient to permit the machine to void itself of soil and other obstruction and that it will thereby become earthbound. The trial court apparently found to the contrary. In any event, that patent does not prescribe the exact form of these openings:

"Fig. 5 shows in detail one form of clearance spaces that it is advisable to leave between the weighted members so as to facilitate their clearing themselves and preventing their becoming inoperative through the wedging of rocks, dirt, etc."

One of the claims reads:

"In a road roller, a shaft, a roller member on each end of said shaft and constrained to rotate concentric therewith, a plurality of pressure members between said roller members having freedom of vertical movement so as to establish substantially an equal pressure over the entire line of contact with the surface being rolled."

This device was specifically claimed be to suitable for working "tillable land."

The Henderson patent, however, was not tied down to the exact model of clearances, since it is expressly said that the figure "shows in detail one form of clearance spaces." If there were practical difficulties in operation, either these spaces or the central bore could have been enlarged without departing from the patent. Nothing essential was changed when the central bore was constructed so that it could drop below the rim of an adjoining ring rather than coming opposite to a recess cut in the adjacent roller.

The specific improvement claimed by Schmeiser appears in Henderson in that the center pipe is much smaller than the central openings of the rotatable disks. These are quite clearly shown upon the Henderson drawings and the action thereof which brings the openings of the upper part of the rotatable disks into a position where it clears itself as described above. There was testimony that the two devices operated by the same means and achieved a like result in the same manner. The function was the same.

Finding of Fact No. 11 of the trial court reads:

"The Schmeiser patent No. 2,538,167, in suit, and each of the claims thereof fail to define invention over the Henderson patent No. 1,190,257 taken together with the prior Schmeiser patent No. 2,288,110, issued June 30, 1942."

If the features of these two devices be viewed together, it is plain that the patent in suit portrays a mere aggregation of elements, the use of which was known previously in the same art.

The patent in suit was invalid, as the trial court found. It may have some utility, but it contains no novelty or invention.

Affirmed.