## CHAPMAN DEHYDRATER CO. v. KNIPSCHILD.

### No. 4142.

District Court, N. D. California, S. D.
May 18, 1937.

Percy S. Webster and Roger B. Webster, both of Stockton, Cal., for plaintiff.

Chas. E. Townsend and Roy C. Hackley, Jr., both of San Francisco, Cal., for defendant.

ST. SURE, District Judge.

Letters patent, No. 1,464,338, for a dehydrator, were issued on August 7, 1923, to Romolo L. Puccinelli, who thereafter assigned his rights thereunder to plaintiff. In his specifications Puccinelli stated that his

invention "relates to dehydrators of the type adapted for handling fruits, vegetables and like products, and especially to improvements in the construction and arrangement thereof which will permit greater thermal efficiency; economical handling of the product to be dried, and greater uniformity as far as results are concerned."

This is the third time that the alleged invention of the Puccinelli patent has been submitted to this court for consideration and decision. The first case, Chapman Dehydrater v. Knipschild, Equity No. 300, claiming infringement, was tried at Sacramento on May 14, 1931.[1] In deciding the case, I stated that although it appeared that a device of practical utility had been manufactured in accordance with the teachings of Puccinelli, I doubted if invention were present, but resolved the doubt in favor of validity of the patent and found noninfringement. No appeal was taken. The second case, Chapman Dehydrater Co. v. Crenshaw, Equity No. 3216-S, also claiming infringement, was tried before this court in San Francisco on August 10, 1932.[1] Upon submission of the case, I again expressed doubt as to the validity of the patent, resolved the doubt in favor of validity, and found no infringement. An appeal was taken to the Circuit Court of Appeals which, after comparing claims 1 and 2 of the patent (wherein is to be found Puccinelli's invention if any) with the prior art, held the patent invalid as lacking invention and anticipated by patents to Grosvenor, No. 1,138,751, and to Hoeveler, No. 276,405, to which no reference had been made in the original application. Chapman Dehydrater Co. v. Crenshaw, 65 F. (2d) 69, 71, decided May 8, 1933. On July 24, 1933, Puccinelli, with the consent of his assignee, applied to the Commissioner of Patents for a reissue of the original patent, alleging (as shown by his bill of complaint herein) that such letters patent "were inoperative or invalid by reason of a defective or insufficient specification or by reason of the said Romolo L. Puccinelli claiming as his own invention or discovery more than he had a right to claim as new and that such error arose through inadvertence, accident or mistake and without any fraudulent or deceptive intention." The original patent was surrendered and attention called to the decision of the Circuit Court of Appeals, supra, adjudging the invention void. On October 16, 1934, the patent was reissued to Puccinelli (Re 19,342) as to five claims, and was thereafter assigned by him to plaintiff. On February 13, 1936, plaintiff brought this suit against defendant upon the reissue patent for infringement of claim 4 thereof, which reads as follows:

"4. A dehydrator comprising two elongated parallel tunnels intercommunicating at their ends only, one tunnel forming a furnace chamber and the other a drying tunnel, means to circulate air through the drying tunnel and furnace chamber, means to discharge a portion of the circulating air from the drying tunnel, means to admit outside air to the furnace chamber adjacent that and thereof at which the circulating air moves from the drying tunnel into the furnace chamber, and heating means within the furnace chamber, such heating means originating at that end of the chamber at which the circulating air from the drying tunnel and the outside air enter the furnace chamber and extending thence through a major portion of the length of the furnace chamber."

The defenses are invalidity and noninfringement.

The reissue of a patent can only be obtained for that which was the original and true invention of the patentee, but which he failed to claim or describe in the original claim and specification. The question arises, Did Puccinelli exercise inventive genius when he assembled a number of elements all admittedly old in the art and made a dehydrator? In Chapman Dehydrater Co. v. Crenshaw, supra, the Circuit Court of Appeals held that claims 1 and 2 of the original patent which contained the whole of the alleged invention were void because clearly anticipated by earlier patents "with the single exception of the dimensions of the heating means." And Judge Wilbur, author of the opinion, added, "We think it clear that there could be no patent upon the dimensions of the heating units contained in the air conditioning chamber, and an examination of the claims of the Puccinelli patents shows that no claim is made therefor." Logically, of course, if there was not true invention in the original patent, there was none in the reissue.

In his oath accompanying the application for a reissue, Puccinelli defines his invention as follows: "Affiant's invention consists in providing a novel arrangement of the drying tunnel, furnace chamber and

---

[1] No opinion for publication.

heating elements whereby the greatest efficiency is provided for the proper heating and reduction of the relative humidity of the air recirculated from the drying tunnel before it is again returned to such drying tunnel. Such arrangement comprises the two tunnels parallel to each other and connected only at their ends, one tunnel being used exclusively as a furnace chamber and the other as a drying tunnel. * * * "

"Affiant * * * points out that the defect in the original claims which rendered them invalid and ineffective to protect the invention was the failure in claims 1 and 2 to properly state the complete combination of elements and the failure to particularly define the presence of the heating means in said combination in the specific location and arrangement shown and necessary to render them effective for the function stated and which specific combination, location and arrangement is the essence of the invention, but on the contrary these elements were claimed so broadly in original claims 1 and 2 as to render the claims void as lacking a statement of invention."

In his argument before this court, counsel for plaintiff said: "Naturally, we are not claiming the broad practice of dehydrating because that is very old. We are not claiming, naturally, the heating of the air, we are not claiming the circulation of the air in the chamber; all of these things are old. But there is a new assembly, a new combination disclosed in this patent which, in its limited definition, was not defined in the broader claim of the old patent."

It will be noted that in his oath Puccinelli points out that one of the reasons why he is entitled to a reissue is because of his failure in the original patent to "define the presence of the heating means in said combination in the specific location and arrangement, * * * which is the essence of the invention." This specific location of the heating means arranged with the other elements is his "new combination." The Circuit Court of Appeals said there could be no patent secured on the dimensions of the heating means. By analogy, it may be said that the idea of placing "the heating means in said combination in the specific location and arrangement" does not rise to the "dignity of invention."

 It seems obvious that what Puccinelli did was not the result of the exercise of the inventive faculty. The principle and substance of his claim are well known in the art. "If there was any change of construction suggested, it was only to increase its capacity for usefulness. It was 'a mere carrying forward or new or more extended application of the original thought, a change only in form, proportions, or degree, doing substantially the same thing in the same way, by substantially the same means, with better results.'" Roberts v. Ryer, 91 U.S. 150, 159, 23 L.Ed. 267. This is not such invention as will sustain a patent. "It is but the display of the expected skill of the calling, and involves only the exercise of the ordinary faculties of reasoning upon the material supplied by a special knowledge, and the facility of manipulation which results from its habitual and intelligent practice; and is in no sense the creative work of that inventive faculty which it is the purpose of the constitution and the patent laws to encourage and reward." Hollister v. Benedict Mfg. Co., 113 U.S. 59, 73, 5 S.Ct. 717, 724, 28 L.Ed. 901. It is not invention to produce a machine or device which any skillful mechanic or other expert would produce whenever required to effectuate a given result. Walker on Patents (6th Ed.) § 62. Puccinelli's aggregation would be obvious to any one having knowledge of dehydrators, or to any one skilled in the art. See Mettler v. Peabody Engineering Corporation, 77 F.(2d) 56 (C.C.A.9); Stoody Co. v. Mills Alloys, 67 F.(2d) 807 (C.C.A.9); Keszthelyi v. Doheny Stone Drill Co., 59 F.(2d) 3 (C.C.A.9).

It follows from what has been said that I am of the opinion that claim 4 of the reissue patent is invalid for lack of invention, and I so find.